James H. Power, Esq.
Barbra R. Parlin, Esq.
Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email:  james.power@hklaw.com
        barbra.parlin@hklaw.com
        warren.gluck@hklaw.com

*Counsel for the Joint Liquidators of
Transfield ER Cape Limited (BVI)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re:                                            : Chapter 15
                                                  :
TRANSFIELD ER CAPE LIMITED (BVI),                 : Case No. 10-_____ (___)
                                                  :
          Debtor in a                             :
          Foreign Proceeding.                     :
------------------------------------------------------x

## DECLARATION OF JAMES H. POWER PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1 (a)

I, James H. Power, hereby declare, that the following statements are true and correct:

1. I am a member of Holland & Knight LLP, U.S. counsel to Casey McDonald, Bob Yap Cheng Ghee and Patrick Cowley, duly appointed Joint Liquidators and foreign representatives ("Petitioners" or "Joint Liquidators") of Transfield ER Cape Limited (BVI) ("TERC" or the "Foreign Debtor")), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the "BVI Court"), case number BVIHCV2010/21 (the "BVI Liquidation"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the

"2003 Act"). I respectfully submit this declaration (the "Power Declaration") pursuant to Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9077-1(a) in support of Petitioners' Application for *Ex Parte* and Provisional Relief pending entry of an order recognizing the Administration under chapter 15 of title 11 of the U.S. Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. Local Bankruptcy Rule 9077-1 (a) provides that no order to show cause shall be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why proceeding other than by notice of motion is necessary.

3. The principal reasons for the requested temporary and provisional relief relate to the U.S. actions filed against TERC. They are: (i) *China Earth Shipping Inc. v. Transfield ER Cape Limited*, Index No. 650621-2010 (N.Y. Sup. Ct.) (the "China Earth" Action); (ii) *China Sun Shipping Inc. v. Transfield ER Cape Limited* Index No. 650622-2010 (N.Y. Sup. Ct.) (the "China Sun Action"); (iii) *Constellation Energy Commodities Group Inc. v. Transfield ER Cape Ltd. and Transfield ER Ltd.* 10-cv-4434 (S.D.N.Y.) (SHS) (the "Constellation Action"); (iv) *Jade Navigation S.A. v. Transfield ER Cape Ltd.,* 10-cv-4899 (S.D.N.Y.) (AKH) (the "Jade Action"); and (v) *TMT Bulk Co. Ltd. v. Transfield ER Cape Ltd. and Transfield ER Ltd.,* 10-cv-5110 (S.D.N.Y.) (JSR) (the "TMT Action"). These actions are described in detail in the Petition at ¶¶ 62-76.

4. As described above, the requested provisional relief is required to allow the Joint Liquidators to perform their statutory functions, preserve TERC estate's U.S. and non-U.S. Assets and ensure that TERC's creditors receive equitable treatment. The threats to these goals are very real, as evidenced by the already-issued Rule B Attachment Orders, and the stated

intentions of two TERC creditors. The Constellation, China Sun and China Earth actions are styled as arbitration and judgment enforcement actions, respectively. The very purpose of these actions is to execute upon TERC assets.

5. It is possible that a judgment could be entered against TERC in the Constellation, China Sun and China Earth actions before this Court has the opportunity to decide the issue of recognition or even provisional relief.

6. Upon the issuance of a judgment against TERC, a judgment creditor is immediately empowered to send a "restraining notice," pursuant to New York Civil Practice Law and Rules ("CPLR") §5222, to any entity of person subject to jurisdiction in New York. The New York Court of Appeals has recently made clear that (i) such restraining notices have extra-territorial effect, and (ii) a judgment creditor may seek to have the extra-territorial property of a judgment debtor "turned over" in satisfaction of a judgment pursuant to CPLR §5225 (b). *See generally, Koehler v. Bank of Bermuda Ltd.,* 12 N.Y.3d 533, 539 (2009).

7. Similarly, upon the issuance of a judgment against TERC, a creditor is immediately empowered to issue a "writ of execution" pursuant to CPLR §§ 5230-5232. Writs of executions are lien-creating devices that would further encumber TERC's U.S. assets.

8. If TERC's assets are frozen, restrained, or executed upon by one creditor, then creditors as a whole will suffer. Similarly, it will be extremely prejudicial to the BVI Liquidation if the Joint Liquidators are unable to utilize the funds presently at their disposal to administer creditor claims and pursue TERC's claims against third parties as a consequence of a "restraining notice."

9. Similarly, TERC (a) has claims against, (b) is continuing profitable charters with, (c) is obtaining insurance from, and (d) will be owed receivables by, numerous entities that are

subject to New York jurisdiction. The issuance of restraining notices and commencement of turnover proceedings will substantially disrupt these essential liquidation activities and harm creditors as a whole.

10. Finally, Jade, one of the Rule B attachment creditors, has already demanded discovery in support of its contention that its Rule B attachment is valid. Jade's motion for discovery could be decided in the near future - before a decision on recognition or provisional relief is made by this Court. Such discovery will constitute a significant waste of limited estate resources in the event that recognition is granted.

11. Finally, absent immediate provisional relief, I believe that other creditors of TERC may commence legal action against TERC in the United States. Under the circumstances and as set forth in the Petition, I submit that that *ex parte* relief is necessary to prevent imminent harm to TERC and that prior notice is impractical under the circumstances. Accordingly, good and sufficient cause exists for the immediate provisional relief requested in the Application.

12. As notice and an opportunity to be heard will be afforded any party affected by the *ex parte* relief, such other parties will be minimally, if at all, harmed by the entry of the Order to Show Cause. No previous request for the relief sought in the *Ex Parte* Application has been made to this Court or any other court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
       November 19, 2010

                                              _____
                                              James H. Power