UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                          :
In re:                                    :
                                          :       Chapter 15
TRANSFIELD ER CAPE LIMITED (BVI),         :
                                          :       Case No. 10-
          Debtor in a                     :
          Foreign Proceeding.             :
                                          :
                                          :
-------------------------------------------------------x
```

## DECLARATION OF SANDIE CORBETT

I, SANDIE CORBETT, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I am a Partner of Walkers, Attorneys-at-Law, and I practice in both the British Virgin Islands ("the BVI") and the Cayman Islands.

2. Walkers is one of the leading offshore law firms and has an international reputation in the fields of corporate and international finance law, with an emphasis on capital markets and structured finance, assets finance, hedge funds and private equity. The firm provides practical advice based upon an in-depth knowledge of the legal regulatory and commercial environment in the BVI and the Cayman Islands. Walkers has experience in all types of international and cross-border transactions and represents FORTUNE 100 and FTSE 100 global corporations and financial institutions, capital market participants, investment fund managers and growth and middle market companies from our office in the BVI and the Cayman Islands and other off-shore jurisdictions.

3. Walkers also has a substantial litigation practice a significant part of which involves insolvency and restructuring work, and, in particular, advising liquidators in the BVI and the Cayman Islands. I have been instructed in connection with a number of important cross-border insolvencies including Fruit of the Loom, Enron, Parmalat, Sphinx, Refco, and Basis Yield Alpha Fund. These liquidations required me to become involved in US bankruptcy proceedings, in particular, chapter 11, section 304, and, more recently, chapter 15 proceedings.

4. I was called to the Bar of England and Wales on 28 July 1988, and I commenced practice as a barrister on 1 April 1988. I am a member of the Middle Temple. I practiced at the Chancery Bar from 1988 until August 2001. I was first admitted to practice as an Attorney-at-Law in the Cayman Islands in January 1995. I relocated permanently to the Cayman Islands in August 2001 and have been employed by Walkers since that time. As an Attorney-at-Law in the Cayman Islands I regularly appear in the Grand Court of the Cayman Islands with occasional appearances in the Cayman Islands Court of Appeal and the Privy Council.

5. I was first admitted to practice as a barrister of the Eastern Caribbean Supreme Court, Virgin Islands in 2004. I have practiced BVI law ever since. In February 2009, I was appointed Managing Partner of Walkers' office in the BVI and Head of the Commercial Litigation Group and the Insolvency and Restructuring Group in the BVI office. Since I relocated to the BVI in October 2009, I have regularly appeared in the Commercial Division of the Eastern Caribbean Supreme Court, Virgin Islands.

6. My offshore litigation practice is focused on insolvency and restructuring although I also undertake a substantial amount of trust dispute resolution, general commercial litigation and corporate advisory work as well. I am responsible for supervising associates in the Litigation Department dealing with insolvency and restructuring matters as well as trust and commercial disputes.

7. I make this declaration in support of the petition that Casey McDonald, Bob Yap Cheng Ghee and Patrick Cowley, the duly appointed Joint Liquidators and foreign representatives ("Petitioners" or "Joint Liquidators"), have filed in this Court pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for recognition of the liquidation proceeding commenced in the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court"), pursuant to the Insolvency Act 2003 of the British Virgin Islands ("2003 Act")[1] as case number BVIHCV2010/21 (the "BVI Liquidation") of foreign debtor Transfield ER Cape Limited (BVI) ("TERC" or the "Foreign Debtor").

8. Walkers has been engaged by the Joint Liquidators as counsel to advise on issues of BVI law arising in connection with the wind-down of TERC. Walkers advises the Joint Liquidators on BVI legal issues and represents them at hearings before the BVI Court.

9. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or learned from my review of relevant documents, or upon my opinion based upon my experience and knowledge. To the extent matters stated in this

---

[1] Relevant provisions of the 2003 Act are attached hereto as Exhibit 1.

Declaration are statements of legal opinion, such statements represent my view of the law of the BVI as a practicing BVI attorney.

**TERC AND THE BVI LIQUIDATION PROCEEDINGS**

10. TERC was incorporated under the laws of the British Virgin Islands on May 22, 2003. Copies of TERC's memorandum and articles of association and certificate of incorporation are attached as Exhibit2 to the Declaration of Casey McDonald (the "McDonald Declaration"). TERC's registered office is at TrustNet (BVI) Ltd. ("Trustnet") TrustNet Chambers, PO Box 3444, Road Town, Tortola, British Virgin Islands.

11. I am informed by the Joint Liquidators and verily believe that TERC carries on the business of chartering and sub-chartering bulk cargo ships. Although presently diminished, TERC still maintains a small number of profitable charters, as well as pursuing and defending proceedings involving a number of shipping-related counterparties. Under the 2003 Act, the Joint Liquidators are empowered to continue TERC's business, including the continuation of the charters.

12. On September 3, 2010, a creditor of TERC, TMT Bulk Corporation, trading as TMT Bulk Co. Ltd. ("TMT"), applied to the BVI Court for the making of a winding-up order and the appointment of a liquidator of TERC (the "liquidation application").

13. On September 30, 2010, the BVI Court issued an order (the "Liquidation Order") ordering (i) that TERC be wound up by the BVI Court in accordance with the provisions

of the 2003 Act and (ii) appointing of the Joint Liquidators to TERC. A copy of the Liquidation Order is attached as Exhibit 1 to the McDonald Declaration.

14. As set forth in Section 184 of the 2003 Act, one of the principal duties of a liquidator appointed under the 2003 Act is to take possession of, protect and realise the world-wide assets of the company for the benefit of creditors.

15. As set forth in the Liquidation Order, the Joint Liquidators are given specific powers as set out in the Liquidation Order. Those powers are:

   a. To pay any class of creditors in full.

   b. To make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not.

   c. To compromise, on such terms as may be agreed

      i. Calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

      ii. Questions in any way relating to or affecting the assets or the liquidation of the company;

      iii. And take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

   d. To commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company in the British Virgin Islands and elsewhere.

   e. To carry on the business of the company so far as may be necessary for its beneficial liquidation.

   f. To sell or otherwise dispose of property of the company.

   g. To do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other document.

h.  To use the company's seal.

i.  To prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

j.  To draw accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

k.  To borrow money, whether on the security of the assets of the company or otherwise.

l.  To take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently done in the name of the company.

m.  For the purpose of enabling the Liquidators to take out letters of administration or do any other act under this paragraph, to be due to the Liquidators themselves.

n.  To call meetings of creditors or members for

    i.  The purpose of informing creditors or members concerning the progress of matters arising in the liquidation;

    ii.  The purpose of ascertaining views of creditors or members on any matter arising in the liquidation; or

    iii.  Such other purpose connected with the liquidation as the Liquidators consider fit.

o.  To appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

p.  To appoint an agent to do any business that the Liquidators are unable to do themselves, or which can be more conveniently done by an agent.

q.  To apply to the Court for directions concerning any matter arising out of the exercise of the above powers.

r.  To do all other things incidental to the exercise of the above functions and powers.

16. BVI Court approval must be sought before the Joint Liquidators can exercise any of the first five powers (listed at paragraphs 15 (a)-(e)). 2003 Act §186(3). The other powers enumerated in the Liquidation Order may be exercised without specific prior BVI Court approval, but are always subject to BVI Court review.

17. As I noted above, the Liquidation was commenced pursuant to the 2003 Act. Together with the Insolvency Rules 2005, the 2003 Act is the law governing involuntary corporate insolvency in the BVI. Insolvency procedures provided for in the 2003 Act include liquidation, creditor arrangement, receivership and administrative receivership.

18. A key principle underlying the 2003 Act and BVI Insolvency proceedings is the *in pari passu* treatment of creditors. The law requires that like creditors should be treated alike. I understand that this is also a key principle of the United States Bankruptcy Code.

19. Pursuant to the 2003 Act, court-appointed liquidators - such as the Petitioners - are officers of the BVI Court. *See* Exhibit 1, 2003 Act §184 (providing that a liquidator in a BVI liquidation proceeding acts as an officer of the BVI Court).

20. In my experience, BVI Liquidation proceedings are fair and equitable. All creditors may have an opportunity to be heard by the BVI Court and no creditor will be prejudiced because it is foreign-based.

21. As noted above, the 2003 Act and the Liquidation Proceeding encompass all assets of TERC, world-wide. The BVI Liquidation is not for the benefit of any single creditor. Rather, it operates to resolve and determine the rights of all claimants and stakeholders vis-à-vis the Foreign Debtor. *See, e.g.,* Exhibit 1, 2003 Act §207 (providing for the

payment of classes of admitted claims and expenses in accordance with statutory priorities, and if the amount available for such claims is insufficient to pay claims in full, directing ratable payment by class). Any person or entity with a claim against the Foreign Debtor may assert such claim in the BVI proceeding.

22. In this case, TMT, a creditor of TERC, initiated the Liquidation Proceeding. Other creditors have submitted their proof of debt claims in the BVI Liquidation, including all entities involved in the actions against TERC in the United States.

23. The 2003 Act provides for an automatic stay of all proceedings against the Foreign Debtor and its assets in order to protect the Joint Liquidator's ability to deal with claims and creditors collectively and comprehensively.

24. Section 175 of the 2003 Act is entitled "Effect of Liquidation." Section 175(c) states that "unless the Court otherwise orders, no person may (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or (ii) exercise or enforce, or continue to exercise or enforce any right or remedy over or against the assets of the company."

25. Section 176 of the 2003 Act is entitled "restriction on execution or attachment." Section 176(1) states that "Subject to subsections (2) and (3), a creditor is not entitled to retain the benefit of any execution process, distress or attachment over or against the assets of a company in liquidation unless the execution, process or attachment is completed before... the commencement of the liquidation..."

26. Similarly, the Joint Liquidators are under a duty to take possession of, protect, realise and obtain all TERC assets, wherever located. This is because piecemeal or haphazard resolution of claims risks preferential treatment and inconsistent adjudications.

27. The BVI Court exercises close supervision of BVI Liquidations and Court-appointed liquidators. In practice, this means that not only is the management of the Foreign Debtor being conducted from within the BVI by the Joint Liquidators, but key aspects of that management, including the power to pay any class of creditors in full, the power to make a compromise or arrangement with creditors, the power to compromise debts and liabilities, the power to commence, continue, discontinue or defend a legal action, and the power to carry on the business of the company, are subject to BVI Court supervision.

## QUALIFICATIONS FOR RECOGNITION

28. I am aware of the meaning of "foreign proceeding" as defined in 11 U.S.C. 101(23) of the Bankruptcy Code. I am advised by Petitioners' U.S. counsel and verily believe that the BVI Liquidation qualifies as such because the BVI Liquidation is a judicial proceeding under the supervision of the BVI Court, in which the rights of creditors and stake-holders will be determined together, pursuant to the 2003 Act, which is a law relating to insolvency and adjustment of debts.

29. I am aware of the definition of "foreign representative" as defined in 11 U.S.C. 101(24) of the Bankruptcy Code. I am advised by Petitioners' U.S. counsel and verily believe that Petitioners qualify as such because the Joint Liquidators are duly authorised and empowered by the BVI Court to administer the liquidation of TERC's assets and affairs as well as to act as duly authorised representatives of TERC.

## BVI LAW RELEVANT TO THE DETERMINATION OF COMI

30. I am also advised by Petitioners' U.S. counsel that certain provisions of BVI law are relevant to the determination of the Foreign Debtor's centre of main interests ("COMI").

31. Pursuant to §245 of the BVI Business Companies Act of 2004 (relevant excerpts of which are attached as Exhibit 2 hereto), the situs of the Foreign Debtors' shares is the BVI. *See id.* ("For the purposes of determining matters relating to title and jurisdiction but not for purposes of taxation, the situs of the ownership of shares, debt obligations or other securities of a company is the Virgin Islands").

32. Pursuant to §175(1)(b) of the 2003 Act, upon commencement of a BVI liquidation, the directors and officers of the Foreign Debtor cease to have any power. To that end, Section 175 of the BVI Act provides that, upon commencement of a liquidation proceeding, "the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted by [Part VI of the 2003 Act]."

33. In practice and as a matter of law, aside from their residual power to contest the liquidation (which has not been exercised here to the best of my knowledge) the directors of TERC ceased to have any powers upon the appointment of the Joint Liquidators. Similarly, the entire management of TERC was vested with the Joint Liquidators (subject to the aforementioned BVI Court supervision).

34. Under the 2003 Act, a liquidator has the power to propose a Company Creditor Arrangement ("CCA"). I am advised by Petitioners' U.S. counsel and verily believe that

a CCA under the 2003 Act is broadly comparable to a plan of reorganization in the United States.

35. I am further advised by Petitioners' U.S. counsel and verily believe that the powers of the Joint Liquidators are broadly comparable to those of a trustee under chapter 7 of the United States Bankruptcy Code. In addition, the Joint Liquidators also have the power to carry on the business of TERC subject to the BVI Court's prior sanction, including the continuation of its various profitable charters in order to maximize the value of the estate for creditors.

For the foregoing reasons, the Joint Liquidators' petition for recognition of the BVI Liquidation pursuant to chapter 15 of the Bankruptcy Code should be granted.

Dated: November 19, 2010.

_____
SANDIE CORBETT

# Exhibit 1



# British Virgin Islands

# The International Business Companies Act

## (CAP. 291)

Memorandum of Association
and
Articles of Association
of

Transfield ER Cape Limited

Incorporated the 22nd day of May 2003.



**TrustNet (British Virgin Islands) Limited**
TrustNet Chambers, P.O. Box 3444
Road Town, Tortola, British Virgin Islands
Telephone: (284) 494 5296
Fax: (284) 494 5283



VIRGIN ISLANDS


INSOLVENCY ACT, 2003
No. 5 of 2003


VIRGIN ISLANDS


INSOLVENCY ACT, 2003


ARRANGEMENT OF SECTIONS

Section

# PART I

## PRELIMINARY PROVISIONS

1.  Short title and commencement.
2.  Interpretation.
3.  Meaning of "company".
4.  Meaning of "subsidiary" and "holding company".
5.  Meaning of "connected person" and "related company".
6.  Meaning of "director".
7.  Meaning of "unlicensed financial services business".
8.  Meaning of "insolvent".
9.  Meaning of "creditor", "secured creditor" etc.
10.  Meaning of "liability".
11.  Admissible claims.
12.  Non-admissible claims.
13.  Meaning of "public document".

# PART II

## CREDITORS' ARRANGEMENTS

### Division 1 - Interpretation

14.  Interpretation for and scope of this Part.
15.  Arrangements.
16.  Remuneration of supervisor and interim supervisor.

000046

17.  Fixing of remuneration by Court.
18.  Commission's rights in respect of a regulated person.


**Division 2 - Company Creditors Arrangement**

19.  Interpretation and scope of Division.


PROPOSAL AND INTERIM SUPERVISOR

20.  Proposal for an arrangement by board.
21.  Appointment of interim supervisor by board.
22.  Appointment of interim supervisor, company in administration or liquidation.
23.  Administrator or liquidator acting as interim supervisor.
24.  Notification of appointment of interim supervisor
25.  Functions of interim supervisor and power to obtain information.
26.  Amendment of proposal before creditors' meeting.


MEETING OF CREDITORS

27.  Calling creditors' meeting.
28.  Interim supervisor may require certain persons to attend creditors' meeting.
29.  Attendance of members and directors at creditors' meeting.
30.  Business to be conducted at creditors' meeting.
31.  Amendment of proposal at creditors' meeting.
32.  Report on outcome of creditors' meeting.
33.  Notification of appointment of supervisor.
34.  Effect of approval of proposal.


IMPLEMENTATION OF ARRANGEMENT

35.  Supervisor to be given possession of assets included in arrangement.
36.  Supervisor's duty to keep accounting records.
37.  Supervisor to prepare and send out regular accounts and reports.
38.  Completion of arrangement.


MODIFICATION OF ARRANGEMENT

39.  Supervisor may propose modification of arrangement.
40.  Modification of arrangement.

2

## APPLICATIONS TO COURT

41. Appointment of interim supervisor or supervisor by Court.
42. Application where arrangement approved or modified.
43. Application on grounds of unfair prejudice.
44. Application to Court by former supervisor or interim supervisor.


## OFFENCES

45. False representations etc.


### Division 3 - Individual Creditors' Arrangement

46. Interpretation for and scope of this Division.


## PROPOSAL

47. Proposal.
48. Notification of appointment of interim supervisor.
49. Functions of interim supervisor and power to obtain information.
50. Amendment of proposal after appointment of interim supervisor.


## MORATORIUM

51. Application for moratorium order.
52. Court may grant stay.
53. Moratorium order.
54. Duty of interim supervisor to report certain matters to the Court.
55. Effect of moratorium order.


## CONSIDERATION OF PROPOSAL

56. Interim supervisor's report on debtor's proposal.
57. Extension of moratorium.
58. Calling creditors' meeting.
59. Decisions of creditors' meetings.
60. Amendment of proposal at creditors' meeting.
61. Report of decisions to Court.
62. Effect of approval.

3

000048

## IMPLEMENTATION OF ARRANGEMENT

63. Supervisor to be given possession of assets included in arrangement.
64. Supervisor's duty to keep accounting records.
65. Supervisor to prepare and send out regular accounts and reports.
66. Completion of arrangement.

## MODIFICATION OF ARRANGEMENT

67. Supervisor may propose modification of arrangement.
68. Modification of arrangement.

## APPLICATIONS TO COURT

69. Appointment of interim supervisor or supervisor.
70. Application in respect of moratorium.
71. Application where arrangement approved or modified.
72. Application on grounds of unfair prejudice.

## MISCELLANEOUS

73. Register of arrangements.

## OFFENCES

74. False representations etc.

## PART III

## ADMINISTRATION

## PRELIMINARY

75. Interpretation for and scope of this Part.

000049

## ADMINISTRATION ORDERS

76. Meaning of administration order.
77. Court may make an administration order.
78. Application in respect of insurance companies.
79. Powers of Court on hearing of application for administration order.
80. Application where company in liquidation.
81. Effect of administration order.
82. Notification and advertisement of administration order.

## MORATORIUM

83. Moratorium period.
84. Effect of moratorium.
85. Preservation of charged and other assets.
86. Disposal of perishable assets during moratorium period.

## ADMINISTRATORS

87. General duties of administrator.
88. Duty to prepare report.
89. Duty to report to Commission.
90. General powers of administrator.
91. Power to deal with assets subject to floating charge..
92. Application to Court to deal with other charged assets.
93. Administrator as agent of company.
94. Removal and resignation of administrator.
95. Vacancy in office of administrator of company.
96. Remuneration of administrator.
97. Administrator to have charge over assets of company.
98. Release of administrator.
99. Statement of affairs.

## ADMINISTRATOR'S PROPOSALS

100. Administrator's proposals and creditors meeting.
101. Attendance at meeting of directors and others.
102. Consideration of proposals by creditors.
103. Amendment of proposals at creditors' meeting.
104. Modification of proposals.

000050

## MISCELLANEOUS

105. Commission's rights where company a regulated person.
106. Administrator's duty to keep accounting records.
107. Administrator to prepare and send out regular accounts and reports.
108. Notification.
109. Meetings of creditors.
110. Discharge or variation of administration order.
111. Appointment of liquidator or dissolution of company on discharge of administration order.
112. Filing copy of discharge order with Registrar.

## PROTECTION OF INTERESTS OF CREDITORS AND MEMBERS

113. Application in respect of moratorium period.
114. Application on grounds of unfair prejudice.

## PART IV

## RECEIVERSHIP

## PRELIMINARY

115. Interpretation for and scope of this Part.

## GENERAL

116. Persons not to be appointed or act as receiver.
117. Appointment of joint receivers.
118. Notice of appointment.
119. Notification of receivership.
120. Vacation of office.
121. Assistance to be provided by receiver vacating office.
122. Resignation of receiver.
123. Removal of receiver.
124. Co-operation with receiver.
125. Duty to report to Commission.
126. Agency.
127. Powers of receiver, other than administrative receiver.
128. General duties of receivers.
129. Powers of sale and proceeds of sale.
130. Liabilities of receivers.
131. Payment of debts out of assets subject to a floating charge.

000051

132. Court directions.
133. Further provisions with respect to an order under section 132.
134. Remuneration of receivers.
135. Accounting records.
136. Receivership accounts to be filed with Registrar.
137. Enforcement of duty to make returns.
138. Completion of receivership.

## RECEIVERS APPOINTED OUT OF COURT

139. Appointment of receiver out of court.
140. Execution of documents.
141. Invalid appointment.

## ADMINISTRATIVE RECEIVERS

142. Meaning of "administrative receiver".
143. Appointment of administrative receiver by Court.
144. Powers of administrative receiver.
145. Power to dispose of charged assets.
146. Statement of affairs.
147. Report by administrative receiver.
148. Application for permission not to call meeting of creditors.

## PART V

## PROVISIONS APPLICABLE TO THE LIQUIDATION OF COMPANIES

## AND TO THE BANKRUPTCY OF INDIVIDUALS

149. Interpretation.
150. Insolvency set-off.
151. Validity of agreements to subordinate debt.
152. Quantification of claims in liquidation and bankruptcy.
153. Interest on claims.
154. Claim in currency other than dollars.
155. Statutory demand.
156. Application to set aside statutory demand.
157. Hearing to set aside statutory demand.

7

# PART VI

## LIQUIDATION

### PRELIMINARY

158. Application of this Part to Official Receiver.
159. Appointment of liquidator.
160. Duration of liquidation.
161. Appointment of liquidator by members.

### APPOINTMENT OF LIQUIDATOR BY COURT

162. Appointment of liquidator by Court.
163. Appointment of liquidator of a foreign company.
164. Withdrawal of application.
165. Advertisement of application.
166. Substitution of applicant.
167. Court's powers on hearing of an application.
168. Period within which application shall be determined.
169. Expenses of an arrangement.

### INTERIM RELIEF

170. Appointment of provisional liquidator.
171. Rights and powers of provisional liquidator.
172. Remuneration of provisional liquidator.
173. Termination of appointment of provisional liquidator.
174. Power to stay or restrain proceedings etc.

### EFFECT OF LIQUIDATION

175. Effect of liquidation.
176. Restriction on execution or attachment.
177. Duties of officer in execution process.

### NOTICE OF APPOINTMENT AND FIRST MEETINGS OF CREDITORS

178. Notice of appointment of liquidator.
179. Liquidator to call first meeting of creditors.
180. Application to Court by members.

090053

181. Application of sections 178 and 179.
182. Restrictions on powers of liquidator appointed by members.
183. Court appointed liquidator may dispense with creditors' meeting.


## LIQUIDATORS

184. Status of liquidator.
185. General duties of liquidator.
186. General powers of liquidator.
187. Removal of liquidator.
188. Resignation of liquidator.
189. Vacancy in office of liquidator.
190. Remuneration of liquidator.
191. Notification of liquidation.
192. Vesting of assets in liquidator.


## MEMBERS

193. Settlement of list of members.
194. Rectification of register of members.
195. Liability of members limited.
196. Liability of past members.
197. Dividends payable to member.
198. Liability where limited company becomes unlimited company.
199. Liability where unlimited company becomes limited company.
200. Liability of personal representative.
201. Effect of member or past member becoming bankrupt.
202. Status of personal representatives or trustee in bankruptcy.
203. Insurance and other contracts not affected.
204. Power of liquidator to enforce liability of member or past member.
205. Summary remedy against members and past members.
206. Order under section 205 to be conclusive evidence.


## CLAIMS

207. Distribution of assets of company.
208. Claims having priority over floating charges.
209. Claims by unsecured creditors.
210. Variation , withdrawal and expunging of claims.
211. Claims by secured creditors.
212. Redemption of security interest by liquidator.
213. Realization of security interest by secured creditor.
214. Surrender for non-disclosure.

000054

215. Interest after commencement of liquidation.
216. Power to exclude creditors not claiming in time.

## DISCLAIMER

217. Liquidator may disclaim onerous property.
218. When disclaimer takes effect.
219. Notice to liquidator to elect whether to disclaim.
220. Effect of disclaimer.
221. Vesting orders and orders for delivery.
222. Vesting orders in respect of leases.
223. Land subject to rentcharge.
224. Disclaimer presumed valid.

## INVESTIGATION OF ASSETS AND AFFAIRS OF COMPANY

225. Statement of affairs.
226. Preliminary report.
227. Duty of Official Receiver concerning report under section 226.

## MISCELLANEOUS PROVISIONS

228. Liquidator to call meetings of creditors.
229. Recession of contracts by the Court.
230. Inspection of books by creditors.
231. Enforcement of liquidator's duties.

## TERMINATION OF LIQUIDATION

232. Termination of liquidation.
233. Order terminating liquidation.
234. Completion of liquidation.
235. Release of liquidator.
236. Dissolution.

## PART VII

## LIQUIDATION OF INSURANCE COMPANIES

237. Interpretation for and scope of this Part.
238. Modification of Act in respect of insurance companies.

10

000055

239. Appointment of liquidator by members.
240. Application for appointment of liquidator by Court.
241. Reduction of contracts as alternative to winding up.
242. Continuation of long term business by liquidator appointed by Court.
243. Protection of segregated funds and assets.

## PART VIII

## VOIDABLE TRANSACTIONS

244. Interpretation for this Part.
245. Unfair preferences.
246. Undervalue transactions.
247. Voidable floating charges.
248. Extortionate credit transactions.
249. Orders in respect of voidable transactions.
250. Limitations on orders under section 249.
251. Recoveries.
252. Remedies not exclusive.

## PART IX

## MALPRACTICE

253. Interpretation for this Part.
254. Summary remedy against delinquent officers and others.
255. Fraudulent trading.
256. Insolvent trading.
257. Recoveries under sections 255 and 256.
258. Ancillary orders.

## PART X

## DISQUALIFICATION ORDERS AND UNDERTAKINGS

259. Interpretation for this Part.
260. Disqualification orders and undertakings.
261. Application for disqualification order.
262. Hearing of application for disqualification order.
263. Matters for determining unfitness of directors.
264. Disqualification undertaking.
265. General provisions concerning disqualification orders and undertakings.
266. Variation of disqualification order or undertaking.
267. Offence provisions.

000056

268. Liability for engaging in prohibited activity.
269. Official Receiver to appear on certain applications.
270. Register of disqualification orders.
271. Duties of office holders.

## PART XI

## GENERAL PROVISIONS WITH REGARD TO COMPANIES THAT ARE INSOLVENT OR IN LIQUIDATION

### Division 1 - General

272. Interpretation.
273. Application to Court concerning office holder.
274. Company's books.

### Division 2 - Statement of Affairs

275. Interpretation for this Division.
276. Notice to be given by office holder.
277. Statement of Affairs.
278. Affidavit of concurrence.
279. Release from duty to submit statement of affairs.
280. Application for order of limited disclosure.

### Division 3 - Investigation of Insolvent Company's Affairs

#### OFFICE HOLDER'S POWERS

281. Interpretation for this Division.
282. Power to obtain information.
283. Examination by office holder.

#### EXAMINATION BEFORE COURT

284. Application for examination before Court.
285. Order for examination.
286. Conduct of examination.
287. Incriminating answers and admissibility of record.

000057

288.   Offence.

**Division 4 - Offence Provisions**

289.   Fraudulent conduct.

# PART XII

## BANKRUPTCY

### PRELIMINARY

290.   Interpretation.
291.   Application of this Part to Official Receiver.

### BANKRUPTCY ORDER

292.   Meaning and duration of bankruptcy order.
293.   Conditions for making of bankruptcy order.
294.   Persons who may apply for a bankruptcy order.
295.   Application by debtor.
296.   Creditor's application.
297.   Substitution of applicant.
298.   Application by secured creditor.
299.   Secured creditor failing to disclose security interest.
300.   Hearing of creditor's application.
301.   Application where individual creditors' arrangement in place.
302.   Consolidation of applications.
303.   Withdrawal of application.
304.   Court's powers on hearing of application for bankruptcy order.
305.   Appointment of bankruptcy trustee.
306.   Period within which application shall be determined.

### INTERIM RELIEF

307.   Protection of assets after application for bankruptcy order.
308.   Effect of order under section 307.
309.   Remuneration of person appointed under section 307.
310.   Examination.

### EFFECT OF BANKRUPTCY

13

000058

311. Effect of bankruptcy order.
312. Power to stay or restrain proceedings.

## BANKRUPT'S ESTATE

313. Definition of bankrupt's estate.
314. Acquisition by trustee of control of bankrupt's estate.
315. Goods subject to pledge etc.
316. Duties of bankrupt in relation to his assets and affairs.
317. Delivery up by other persons.
318. After-acquired assets.
319. Vesting in trustee of certain items of excess value.
320. Vesting in trustee of certain tenancies.
321. Time limit for notice under sections 318, 319 or 320.
322. Income payments orders.

## BANKRUPTCY TRUSTEE

323. Bankruptcy trustee officer of Court.
324. General duties of trustee.
325. Powers of trustee.
326. Notice of appointment.
327. Appointment of trustee in place of Official Receiver.
328. Removal of trustee.
329. Resignation of trustee.
330. Vacancy in office of trustee.
331. Remuneration of trustee.
332. General control of trustee by the Court.

## ADMINISTRATION BY TRUSTEE

333. Meetings of creditors.

## CLAIMS AND DISTRIBUTION OF ESTATE

334. Distribution of bankrupt's estate.
335. Debts to spouse.
336. Claims by unsecured creditors.
337. Variation, withdrawal and expunging of claims.
338. Claims by secured creditors.
339. Redemption of security interest by trustee.

000059

340. Realization of security interest by secured creditor.
341. Surrender for non-disclosure.
342. Interest after commencement of bankruptcy.
343. Distribution by means of dividend.
344. Claims by unsatisfied creditors.
345. Distribution of assets in specie.
346. Final distribution.
347. No action for dividend.
348. Right of bankrupt to surplus.

349. Final Meeting.

## PRIOR TRANSACTIONS

350. Contracts to which bankrupt is a party.
351. Enforcements procedures.
352. Distress, etc.
353. Unenforceability of liens on books, etc.

## GENERAL POWERS OF COURT

354. General control of Court.
355. Power of arrest.
356. Seizure of bankrupt's assets.
357. Re-direction of bankrupt's letters, etc.

## DISCLAIMER

358. Trustee may disclaim onerous property.
359. When disclaimer takes effect.
360. Notice to trustee to elect whether to disclaim.
361. Effect of disclaimer.
362. Vesting orders and orders for delivery.
363. Vesting orders in respect of leases.
364. Land subject to rentcharge.
365. Disclaimer presumed valid.

## INVESTIGATION OF BANKRUPT'S AFFAIRS

366. Statement of assets and liabilities.
367. Preliminary report.

15

000060

368. Duty of Official Receiver concerning report under section 367.
369. Application for examination of bankrupt and others.
370. Order for examination.
371. Conduct of examination.
372. Examinee shall answer questions put to him.
373. Examinee failing to appear for his examination.
374. Court's enforcement powers.

## DISCHARGE AND ANNULMENT OF BANKRUPTCY

375. Bankrupt ineligible for automatic discharge.
376. Automatic discharge.
377. Application by bankrupt concerning order for suspension of discharge.
378. Application for discharge by Court order.
379. Court order on application for discharge.
380. Effect of discharge.
381. Discharged bankrupt to give assistance.
382. Annulment of bankruptcy order.
383. Release of trustee.
384. Liability of trustee.

## SECOND OR SUBSEQUENT BANKRUPTCY

385. Stay of distribution in case of second bankruptcy.
386. Adjustment between earlier and later bankruptcy estates.

## PART XIII

## BANKRUPTCY OFFENCES

387. Definitions.
388. Defence of innocent intention.
389. Non-disclosure.
390. Concealment of assets.
391. Concealment of books and papers; falsification.
392. False statements.
393. Fraudulent disposal of assets.
394. Absconding.
395. Fraudulent dealing with asset obtained on credit.
396. Obtaining credit; engaging in business.
397. Failure to keep proper accounts of business.
398. Gambling.
399. Supplementary provisions.

000061

# PART XIV

## VOIDABLE TRANSACTIONS

400. Interpretation for this Part.
401. Unfair preferences.
402. Undervalue transactions.
403. Voidable general assignment of book debts.
404. Extortionate credit transactions.
405. Orders in respect of voidable transactions.
406. Limitations on orders under section 405.
407. Recoveries.
408. Remedies not exclusive.

# PART XV

## BANKRUPTCY RESTRICTIONS ORDERS AND UNDERTAKINGS

409. Interpretation for this Part.
410. Bankruptcy restrictions orders and undertakings.
411. Application for and hearing of application for bankruptcy restrictions order.
412. Duration of bankruptcy restrictions order.
413. Interim bankruptcy restrictions order.
414. Bankruptcy restrictions undertaking.
415. Variation of disqualification order or undertaking.
416. Offence provisions.
417. Official Receiver to appear on certain applications.
418. Register of disqualification orders.
419. Annulment of bankruptcy order.

# PART XVI

## GENERAL PROVISIONS WITH REGARD TO INSOLVENCY PROCEEDINGS UNDER THIS ACT

### Division 1 - The Creditors' Committee

420. Interpretation for and scope of this Division.
421. Establishment of creditors' committee.
422. Functions and powers of creditors' committee.
423. Composition of creditors' committee.
424. Resignation and termination of committee member.

000062

425. Vacancies and appointment of new members.
426. Proceedings of creditors' committee.
427. Expenses of members.
428. Members dealing with company.
429. Formal defects.


Division 2 - Remuneration

430. Remuneration of administrator, liquidator or bankruptcy trustee.
431. Application by creditors for reduction of remuneration.
432. General principles to be applied in fixing remuneration.
433. Time for fixing remuneration and interim payments.

## PART XVII

### NETTING AND MARKET CONTRACTS

434. Interpretation for sections 434 and 435.
435. Enforcement of netting agreements etc.

## PART XVIII

### CROSS-BORDER INSOLVENCY

#### GENERAL PROVISIONS

436. Purpose and scope of this Part.
437. Interpretation for this Part.
438. International obligations of the Virgin Islands.
439. Public policy exception.
440. Additional assistance.
441. Application under this Part.
442. Authorization of insolvency officer to act in a foreign country.

#### ACCESS OF FOREIGN REPRESENTATIVES AND CREDITORS

#### TO COURTS IN THE VIRGIN ISLANDS

443. Right of direct access.
444. Limited jurisdiction.
445. Commencement of and participation in a Virgin Islands insolvency proceeding by foreign representative.
446. Access of foreign creditors to a Virgin Islands proceeding.

000063

447.    Notification to foreign creditors of a Virgin Islands insolvency proceeding.


### RECOGNITION OF FOREIGN PROCEEDING AND RELIEF

448.    Application for recognition of foreign proceeding.
449.    Presumptions concerning recognition.
450.    Recognition of foreign proceedings.
451.    Subsequent information.
452.    Interim relief.
453.    Effects of recognition of foreign main proceeding.
454.    Relief that may be granted upon recognition of foreign proceeding.
455.    Protection of creditors and other interested persons.
456.    Actions to avoid acts detrimental to creditors.
457.    Intervention by foreign representative in proceedings in the Virgin Islands.


### COOPERATION WITH FOREIGN COURTS AND FOREIGN REPRESENTATIVES

458.    Cooperation and direct communication between court of the Virgin Islands and foreign courts or foreign representatives.
459.    Cooperation and direct communication between the insolvency administrator and foreign courts or foreign representatives.
460.    Forms of cooperation.


### CONCURRENT PROCEEDINGS

461.    Commencement of a Virgin Islands insolvency proceeding after recognition of foreign main proceeding.
462.    Coordination of a Virgin Islands insolvency proceeding and foreign proceeding.
463.    Coordination of more than one foreign proceeding.
464.    Presumption of insolvency based on recognition of foreign main proceeding.
465.    Rule of payment in concurrent proceedings.

090064

## PART XIX

## ORDERS IN AID OF FOREIGN PROCEEDINGS

466. Interpretation for this Part.
467. Order in aid of foreign proceeding.
468. Matters to be considered by Court in determining application under section 467.
469. Limitation on effect of application under this Part.
470. Additional assistance.
471. Application under this Part.
472. Authorization of insolvency officer to act in foreign country.

## PART XX

## INSOLVENCY PRACTITIONERS

### LICENSING

473. Interpretation for this Part.
474. Prohibition on acting as insolvency practitioner without a licence.
475. Application for licence.
476. Issue of licence.
477. Persons disqualified from holding a licence.

### CONTROL OF LICENSEES AND ENFORCEMENT

478. Production of accounts and records.
479. Suspension and revocation of licence.
480. Right to make representations.

### OBLIGATIONS OF LICENSEES

481. Filing of returns and other documents.

### ELIGIBLE INSOLVENCY PRACTITIONERS

482. Eligible insolvency practitioner.
483. Appointment of overseas insolvency practitioner.
484. Commission's powers with regard to appointment of overseas insolvency practitioner.
485. Overseas practitioner sole appointee.

20

486. Regulations.
487. Code of Practice.

## PART XXI

### OFFICIAL RECEIVER

488. Official Receiver.
489. Deputy Official Receiver and staff.
490. Official Receiver as officer of the Court.
491. Functions of Official Receiver.
492. Right of audience.

## PART XXII

### MISCELLANEOUS PROVISIONS

493. Appointment of two or more office holders.
494. Use of prescribed forms.
495. Notices.
496. Time.
497. Resolutions.
498. Rules.
499. Insolvent partnerships.
500. Insolvent estates.
501. Offences, general provisions.
502. Rules may provide for offences and penalties.
503. Provisions of International Business Companies Act not to apply.
504. Transitional provisions.
505. Act binding on Crown.

### SCHEDULES

1   POWERS OF ADMINISTRATOR AND ADMINISTRATIVE
    RECEIVER
2   POWERS OF LIQUIDATOR
3   LIQUIDATION OF FOREIGN COMPANY
4   POWERS OF BANKRUPTCY TRUSTEE
5   OFFENCES UNDER THIS ACT

21

000066

**I Assent**
**M. ELTON GEORGES, OBE**
**Acting Governor**
**12th May, 2003**

## VIRGIN ISLANDS

### No. 5 of 2003

An Act to reform the law relating to the insolvency of companies and foreign companies, limited partnerships, partnerships and individuals and to provide, in particular, for a mechanism for insolvent persons to enter into arrangements with their creditors, an administration procedure for companies, the receivership of companies and foreign companies, the liquidation of companies, foreign companies, limited partnerships and partnerships, the making of bankruptcy orders against individuals, the licensing and regulation of insolvency practitioners, the penalization and redress of wrongdoing associated with insolvent persons, the disqualification of directors, the avoidance of certain transactions, cross border insolvency issues and other matters connected therewith.

[*Gazetted* 13th May, 2003]

ENACTED by the Legislature of the Virgin Islands as follows:

000067

## PART I

## PRELIMINARY PROVISIONS

1. (1) This Act may be cited as the Insolvency Act, 2003.

Short title and commencement.

   (2) The provisions of this Act come into operation on such date or dates as may be appointed by the Governor by proclamation published in the *Gazette* and different dates may be appointed for different provisions and different purposes.

2. (1) In this Act, unless the context otherwise requires,

Interpretation.

   "administration order" has the meaning specified in section 76;

   "administrative receiver" has the meaning specified in section 142;

   "administrator", in relation to a company, means an administrator appointed under section 79;

   "arrangement" means a company creditors' arrangement under Part II, Division 2 or an individual creditors' arrangement under Part II, Division 3, as the case may be;

   "articles" means

   (a) the articles of association of a company, or

   (b) where the context permits, in the case of a foreign company the articles of association, by-laws or such other document having the same effect by whatever name called;

   "asset" includes money, goods, things in action, land and every description of property wherever situated and obligations and every description of interest, whether present or future or vested or contingent, arising out of, or incidental to, property;

   "bankrupt" means an individual against whom a bankruptcy order is made under Part XII;

   "bankruptcy trustee" means the person appointed by the Court to be the trustee of the assets of a bankrupt;

   "bankrupt's estate" has the meaning specified in section 313;

   "board", in relation to a body corporate, means

090068

## PART V

## PROVISIONS APPLICABLE TO THE LIQUIDATION OF COMPANIES

## AND TO THE BANKRUPTCY OF INDIVIDUALS

Interpretation.

149.    For the purposes of this Part,

(a) "debtor" means a company in liquidation or an individual in bankruptcy;

(b) "insolvency proceeding" means in the case of a company, its liquidation and in the case of an individual, his bankruptcy; and

(c) "relevant time" means, in the case of a company, the commencement of its liquidation and, in the case of an individual, the commencement of his bankruptcy.

Insolvency set-off.

150. (1)    Subject to section 434, where, before the relevant time, there have been mutual credits, mutual debts or other mutual dealings between a debtor and a creditor claiming or intending to claim in the insolvency proceeding,

(a) an account shall be taken of what is due from each party to the other in respect of those mutual credits, mutual debts or other mutual dealings, as at the relevant time;

(b) the sum due from one party shall be set-off against the sums due from the other party; and

(c) only the balance of the account, if any, may be claimed in the insolvency proceeding or is payable to the debtor, as the case may be.

(2)    A creditor is not entitled to claim the benefit of a set-off under this section if he had actual notice that the debtor was insolvent

(a) at the time he gave credit to the debtor or received credit from the debtor; or

(b) at the time he acquired any claim against the debtor or any part of or interest in such a claim.

(3)    For the purposes of subsection (2), "insolvent" has the meaning specified in section 8 with the deletion of subsection (1)(c)(i) of that section.

114

000159

(4)  Where, before the relevant time, a creditor waives or agrees that he will not claim the benefit of a set-off under this section, that waiver or agreement takes effect notwithstanding subsection (1), except to the extent that a creditor who was not a party to the agreement, or has not agreed otherwise, is prejudiced.

151.  Where, before the relevant time, a creditor acknowledges or agrees that, in the event of a shortfall of assets, he will accept a lower priority in respect of a debt than that which he would otherwise have under this Act, that acknowledgement or agreement takes effect notwithstanding the provisions of this Act, except to the extent that a creditor of the debtor who was not a party to the agreement is prejudiced.

Validity of agreements to subordinate debt.

152. (1)  This section applies to the quantification of a claim in the liquidation of a company or the bankruptcy of an individual.

Quantification of claims in liquidation and bankruptcy.

(2)  The amount of a claim shall be quantified as at the relevant time.

(3)  Where a claim is subject to a contingency or, for any other reason, the amount of the claim is not certain, the liquidator, or the bankruptcy trustee, shall

(a)  agree an estimate of the value of the claim as at the relevant time; or

(b)  apply to the Court to determine the amount of the claim.

(4)  On an application by the liquidator or the bankruptcy trustee under subsection (3)(b), the Court may

(a)  determine the amount of the claim itself; or

(b)  determine a method to be used by the liquidator or the trustee for calculating the amount of the claim.

(5)  In the case of rent and other payments of a periodic nature, a claim may include any amounts due and unpaid at the relevant time and where, at the relevant time, a payment was accruing due, the claim may include so much as would have fallen due at that time if the liability had been accruing from day to day.

(6)  A claim based on a liability that, at the relevant time, was not payable by the company until after the relevant time shall be discounted in accordance with the Rules.

(7)  Interest may be included in a claim as provided by section 153.

Interest on claims.

090160

153. (1)  Subject to sections 215 and 342, a claim in the liquidation of a company or the bankruptcy of an individual shall not include an amount for interest in respect of a period after the relevant time.

(2)  If it was agreed between the debtor and a creditor that the debt on which the creditor's claim is based would bear interest, the claim may include interest, at the agreed rate, up to the relevant time.

(3)  A claim made by a creditor other than one referred to in subsection (2) may include interest up to the relevant time if

(a)  the debt on which the claim is based is due by virtue of a written instrument and was payable at a certain time before the relevant time; or

(b)  if, before the relevant time, the creditor made written demand on the debtor and the demand stipulated that interest would be payable on the debt from the date of the demand until payment of the debt.

(4)  The amount of interest that may be included in a claim under this section is,

(a)  in the case of a debt referred to in subsection (3)(a), interest at the court rate for the period from the date that the debt was payable to the relevant time; and

(b)  in the case of a debt referred to in subsection (3)(b), interest at the court rate for the period from the date of the written demand to the relevant time.

Claim in currency other than dollars.

154. (1)  The amount of a claim based on a liability incurred or payable in a currency other than dollars shall be converted into dollars at the rate of exchange prevailing at the relevant time.

(2)  For the purposes of subsection (1), the rate of exchange should be ascertained in such manner as may be prescribed.

Statutory demand.

155. (1)  A creditor may make demand on a person for payment of a debt owed by that person to him.

(2)  A demand under subsection (1) shall

(a)  be in respect of a debt that is due and payable at the time of the demand and that is not less than the prescribed minimum;

116

(b) be in writing and shall specify the nature of the debt and its amount;

(c) be dated and shall be signed by the creditor or by a person authorized to make demand on the creditor's behalf;

(d) require the person to pay the debt or to secure or compound for the debt to the reasonable satisfaction of the creditor within 21 days of the date of service of the demand on him;

(e) state that if the demand is not complied with, application may be made to the Court for the appointment of a liquidator or a trustee, as the case may be;

(f) set out the rights of the person to make application to set the demand aside under section 156; and

(g) comply with and be served in accordance with the Rules.

(3) If the creditor making demand under subsection (1) is a secured creditor in respect of the debt, the full amount of the debt shall be specified in the demand, but

(a) the demand shall specify the nature of the security interest, and the value which the creditor places on it at the date of the demand; and

(b) the amount claimed

(i) shall be the full amount of the debt less the amount specified as the value of the security interest; and

(ii) shall equal or exceed the prescribed minimum.

156. (1) Where a person has been served with a statutory demand he may apply to the Court to set it aside.

<span style="float:right">Application to set aside statutory demand.</span>

(2) An application under subsection (1) shall be made within seven days of the date of service of the demand on him.

(3) The Court may not extend the time for making or serving an application to set aside a statutory demand.

(4) Subject to an order of the Court under section 157, the time for compliance with the demand ceases to run as from the date upon which an application under subsection (1) is filed with the Court.

090162

(5) A person applying to set aside a statutory demand under this section shall give seven days notice of the hearing to the creditor or, where a person is named in the demand as the person with whom communications in respect of the demand should be made, to that person.

157. (1) The Court shall set aside a statutory demand if it is satisfied that

(a) there is a substantial dispute as to whether

(i) the debt, or

(ii) a part of the debt sufficient to reduce the undisputed debt to less than the prescribed minimum,

is owing or due;

(b) the person on whom the statutory demand was served has a reasonable prospect of establishing a set-off, counterclaim or cross claim in an amount equal to or greater than the amount specified in the demand less the prescribed minimum; or

(c) the creditor holds a security interest in respect of the debt claimed and the value of the security interest is equal to or greater than the amount specified in the demand less the prescribed minimum.

(2) The Court may set aside a statutory demand if it is satisfied that substantial injustice would otherwise be caused

(a) because of a defect in the demand, including a failure to comply with section 155(3); or

(b) for some other reason.

(3) Where the Court is satisfied that the security interest of a secured creditor has been under-valued in the statutory demand, the Court may require the creditor to amend the demand accordingly, but without prejudice to his right to make application for the appointment of a liquidator or a bankruptcy order, as the case may be.

(4) If, on hearing an application to set aside a statutory demand, the Court is satisfied that there are no grounds for setting aside the statutory demand, it may extend the time for compliance with the statutory demand.

090163

(5)  If the Court dismisses an application to set aside a statutory demand, it shall make an order authorizing the creditor to make application for the appointment of a liquidator or a bankruptcy order, as the case may be.

(6)  Having considered the evidence before it on a hearing under this section, the Court may either summarily determine the application or adjourn it giving such directions as it considers fit.

090164

# PART VI

# LIQUIDATION

## PRELIMINARY

Application of this Part to Official Receiver.

158. Where the Official Receiver is appointed as the liquidator or provisional liquidator of a company, the provisions of this Act that apply to a liquidator apply to the Official Receiver, as liquidator, unless otherwise provided.

Appointment of liquidator.

159. (1) The Court may appoint the Official Receiver or an eligible insolvency practitioner as liquidator

    (a) of a company, on an application under section 162; or

    (b) of a foreign company, on an application under section 163.

(2) Subject to section 161, the members of a company may, by a qualifying resolution, appoint an eligible insolvency practitioner as liquidator of the company.

(3) For the purposes of subsection (2), a resolution is a "qualifying resolution" if it is passed at a properly constituted meeting of the company by a majority of 75 per cent, or if a higher majority is required by the memorandum or articles, by that higher majority, of the votes of those members who are present at the meeting and entitled to vote on the resolution.

(4) The members of a foreign company may not appoint a liquidator under this Part and any resolution of the members of a foreign company that purports to appoint a liquidator under this Part is void and of no effect.

Duration of liquidation.

160. The liquidation of a company commences at the time at which a liquidator is appointed as provided in section 159 and continues until it is terminated in accordance with section 232 and, throughout this period, the company is referred to in this Act as "in liquidation".

Appointment of liquidator by members.

161. (1) The members of a company may not appoint a liquidator of the company if

    (a) an application to the Court to appoint a liquidator has been filed but not yet determined;

    (b) a liquidator has been appointed by the Court; or

099165

(c) the person to be appointed liquidator has not consented in writing to his appointment;

and a resolution to appoint a liquidator in the circumstances referred to in paragraphs (a), (b) or (c) is void and of no effect.

(2) Where the members resolve to appoint a liquidator under section 159(2), the company shall, as soon as practicable, give the liquidator notice of his appointment.

(3) The members of a company may not appoint the Official Receiver as liquidator of the company, and any resolution of the members that purports to do so is void and of no effect.

(4) A company that contravenes subsection (2) commits an offence.


## APPOINTMENT OF LIQUIDATOR BY COURT

162. (1) The Court may, on application by a person specified in subsection (2), appoint a liquidator of a company under section 159(1) if

Appointment of liquidator by Court.

(a) the company is insolvent;

(b) the Court is of the opinion that it is just and equitable that a liquidator should be appointed; or

(c) the Court is of the opinion that it is in the public interest for a liquidator to be appointed.

(2) Subject to subsections (3), (4) and (5), an application under subsection (1) may be made by one or more of the following:

(a) the company;

(b) a creditor;

(c) a member;

(d) the supervisor of a creditors' arrangement in respect of the company;

(e) the Commission; and

(f) the Attorney General.

090166

(3)  An application under subsection (1)(a) by a member may only be made with the leave of the Court, which shall not be granted unless the Court is satisfied that there is a *prima facie* case that the company is insolvent.

(4)  An application to appoint a liquidator under subsection (1)(c) may only be made by the Commission or the Attorney General.

(5)  The Commission may only make an application to appoint a liquidator under subsection (1)(c) if the company concerned is, or at any time has been, a regulated person.

(6)  Where a creditor's arrangement has terminated, the person who, immediately before the termination of the arrangement, was the supervisor is treated as the supervisor for the purposes of this section.

(7)  An applicant may, in his application under this section, propose an eligible insolvency practitioner as liquidator of the company.

(8)  Where an order is made under section 159(1) at a time when an arrangement is in force in respect of the company, the Court may appoint the supervisor of the arrangement as liquidator of the company.

Appointment of liquidator of a foreign company.

163. (1) The Court may, on application by a person specified in section 162(2), appoint a liquidator of a foreign company under section 159(1) if the Court is satisfied that the company has a connection with the Virgin Islands and

(a)  the company is insolvent;

(b)  the Court is of the opinion that it is just and equitable that a liquidator should be appointed;

(c)  the Court is of the opinion that it is in the public interest for a liquidator to be appointed;

(d)  the company is dissolved or has otherwise ceased to exist under or by virtue of the laws of the country in which it was last registered;

(e)  the company has ceased to carry on business; or

(f)  the company is carrying on business only for the purpose of winding up its affairs.

(2)  For the purposes of subsection (1), a foreign company has a connection with the Virgin Islands only if

(a)  it has or appears to have assets in the Virgin Islands;

122

(b) it is carrying on, or has carried on, business in the Virgin Islands; or

(c) there is a reasonable prospect that the appointment of a liquidator of the company under this Part will benefit the creditors of the company.

(3) An application for the appointment of a liquidator of a foreign company may be made

(a) notwithstanding that the company has been dissolved or has otherwise ceased to exist under or by virtue of the laws of any other country; and

(b) whether or not the company is or has been registered under Part IX
of the Companies Act.                                     Cap. 285

(4) Subject to the modifications and exceptions set out in Schedule 3, the   Schedule 3
provisions of this Part apply to an application to appoint a liquidator of a foreign
company and to the liquidation of a foreign company.

164. An application for the appointment of a liquidator may not be withdrawn   Withdrawal of
except with the leave of the Court.                                           application.

165. (1) Unless the Court otherwise orders, an application for the appointment   Advertisement of
of a liquidator shall be advertised,                                            application.

(a) if the company is the applicant, not less than seven days before the date set for the application to be heard; or

(b) if the company is not the applicant, not less than seven days after service of the application on the company and not less than seven days before the date set for the application to be heard.

(2) If the application is not advertised in accordance with this section and
the Rules, the Court may dismiss it.

166. (1) In the circumstances specified in subsection (2), the Court may, by   Substitution of
order, substitute as applicant in an application for the appointment of a liquidator,   applicant.
a creditor or member who is entitled to make such an application.

(2) The Court may make a substitution order under subsection (1) where
the original applicant is a member or creditor of the company and the Court
considers it appropriate to do so

123

(a) because the applicant applies to withdraw the application or consents to it being dismissed;

(b) because the Court considers that the application is not being diligently proceeded with;

(c) where the applicant is not entitled to make the application; or

(d) for any other reason.

**Court's powers on hearing of an application.** 167. (1) On the hearing of an application for the appointment of a liquidator, the Court may

(a) appoint a liquidator under section 159(1);

(b) dismiss the application, even if a ground on which the Court could appoint a liquidator has been proved;

(c) adjourn the hearing conditionally or unconditionally; or

(d) make any interim order or other order that it considers fit.

(2) The Court shall not refuse to appoint a liquidator of a company merely because

(a) the assets of the company are subject to a security interest in respect of an amount equal to or greater than the value or amount of the assets;

(b) the company has no assets; or

(c) where the applicant is a member, if the order were made, no assets of the company would be available for distribution among the members.

(3) Where an application to appoint a liquidator is made by a member under section 162(1)(b), if the Court is of the opinion that

(a) the applicant is entitled to relief either by the appointment of a liquidator or by some other means; and

090169

(b) in the absence of any other remedy it would be just and equitable to appoint a liquidator;

it shall appoint a liquidator unless it is also of the opinion that some other remedy is available to the applicant and that he is acting unreasonably in seeking to have a liquidator appointed instead of pursuing that other remedy.

168. (1)  Subject to subsection (2), an application for the appointment of a liquidator shall be determined within six months after it is filed.

*Period within which application shall be determined.*

(2)  The Court may, upon such conditions as it considers fit, extend the period referred to in subsection (1) for one or more periods not exceeding three months each if

(a) it is satisfied that special circumstances justify the extension; and

(b) the order extending the period is made before the expiry of that period or, if a previous order has been made under this subsection, that period as extended.

(3)  If an application is not determined within the period referred to in subsection (1) or within that period as extended, it is deemed to have been dismissed.

169. Where a liquidator of a company is appointed and, at the date that the application was filed, an arrangement was being supervised by a supervisor, the remuneration of the supervisor is a first charge on the assets of the company.

*Expenses of an arrangement.*

### INTERIM RELIEF

170. (1)  Where an application for the appointment of a liquidator of a company has been filed but not yet determined or withdrawn, the Court may, on application by a person specified in subsection (2), appoint the Official Receiver or an eligible insolvency practitioner as provisional liquidator of the company on the grounds specified in subsection (4).

*Appointment of provisional liquidator.*

(2)  Subject to subsection (3), an application under subsection (1) may be made by one or more of the following:

(a) the applicant for the appointment of a liquidator;

(b) the company;

(c) a creditor;

000170

(d) a member;

(e) the Commission; and

(f) any person who, under any other enactment, is entitled to apply for the appointment of a liquidator of the company.

(3) An application under subsection (1) by a member may only be made with the leave of the Court.

(4) The Court may appoint a provisional liquidator under subsection (1) if

(a) the company, in respect of which the application to appoint a liquidator has been made, consents; or

(b) the Court is satisfied that the appointment of a provisional liquidator

(i) is necessary for the purpose of maintaining the value of assets owned or managed by the company, or

(ii) is in the public interest.

(5) The Court may appoint a provisional liquidator on such terms as it considers fit and may, as a condition precedent to the appointment, require the applicant to deposit at Court such sum as the Court considers reasonable to cover the remuneration of the provisional liquidator.

Rights and powers of provisional liquidator.

171. (1) Subject to subsection (2), a provisional liquidator has the rights and powers of a liquidator to the extent necessary to maintain the value of the assets owned or managed by the company or to carry out the functions for which he was appointed.

(2) The Court may limit the powers of a provisional liquidator in such manner and at such times as it considers fit.

Remuneration of provisional liquidator.

172. (1) The provisional liquidator of a company is entitled to be paid such remuneration as the Court may order applying the general principles specified in section 432.

(2) Subject to subsections (4) and (5), the remuneration of the provisional liquidator is payable out of the assets of the company.

(3) Where a liquidator is appointed, the remuneration of the provisional liquidator shall be paid in accordance with the prescribed priority.

000171

(4)   If a liquidator is not appointed, the Court may order the applicant for the appointment of the provisional liquidator to pay or contribute to the remuneration and expenses of the provisional liquidator if it is satisfied that the applicant

(a)   misled the Court when making the application; or

(b)   acted unreasonably in applying for the appointment of the provisional liquidator.

(5)   If the assets of the company are not sufficient to pay the remuneration of the provisional liquidator, the Court may order the shortfall, or part of the shortfall, to be paid by the applicant for the appointment of the provisional liquidator.

(6)   Unless the Court otherwise orders, where subsection (4)(a) applies, the provisional liquidator may retain out of the company's assets such sums or assets as are, or may be, required for meeting his remuneration.

173. (1)   The Court may, on the application of the provisional liquidator or of any person specified in section 170(2) or on its own motion, terminate the appointment of a provisional liquidator. *Termination of appointment of provisional liquidator.*

(2)   If the Court has not previously terminated the appointment of a provisional liquidator under subsection (1), it terminates on the determination by the Court of the application to appoint a liquidator.

(3)   On the termination of the appointment of a provisional liquidator, the Court may give such directions or make such order with respect to the accounts of his administration, or to any other matters, as it considers appropriate.

174. (1)   Where an application for the appointment of a liquidator of a company has been filed but not yet determined or withdrawn, a person specified in section 170(2) may, *Power to stay or restrain proceedings etc.*

(a)   where any action or proceeding is pending against the company in the Court, the Court of Appeal or the Privy Council, apply to the Court, the Court of Appeal or the Privy Council, as the case may be, for a stay of the action or proceeding; and

(b)   where any action or proceeding is pending against the company in any other Virgin Islands court or tribunal in the Virgin Islands, apply to the Court for a stay of the action or proceeding.

000172

## EFFECT OF LIQUIDATION

Effect of
liquidation.

175. (1) Subject to subsection (2), with effect from the commencement of the liquidation of a company

    (a) the liquidator has custody and control of the assets of the company;

    (b) the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted under this Part;

    (c) unless the Court otherwise orders, no person may

        (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or

        (ii) exercise or enforce, or continue to exercise or enforce any right or remedy over or against assets of the company;

    (d) unless the Court otherwise orders, no share in the company may be transferred;

    (e) no alteration may be made in the status of or to the rights or liabilities of a member, whether by an amendment of the memorandum or articles or otherwise;

    (f) no member may exercise any power under the memorandum or articles, or otherwise, except for the purposes of this Act; and

    (g) no amendment may be made to the memorandum or articles of the company.

    (2) Subsection (1) does not affect the right of a secured creditor to take possession of and realise or otherwise deal with assets of the company over which that creditor has a security interest.

    (3) Any thing or matter done or purported to be done in contravention of subsection (1) is void and of no effect.

Restriction on
execution or
attachment.

176. (1) Subject to subsections (2) and (3), a creditor is not entitled to retain the benefit of any execution process, distress or attachment over or against the assets of a company in liquidation unless the execution, process or attachment is completed before the first occurring of the commencement of the liquidation and,

033173

(a) where the liquidator was appointed by the members under section 159(2), the date upon which the creditor had notice of the calling of the meeting at which the resolution was proposed; or

(b) where the liquidator was appointed by Court, the date upon which the application to appoint the liquidator was filed.

(2) A person who, in good faith and for value, purchases assets of a company from an officer charged with an execution process acquires a good title as against the liquidator of the company.

(3) The Court may set aside the rights conferred on a liquidator under subsection (1) to the extent and subject to such terms as it considers fit.

(4) For the purposes of this section,

(a) an execution or distraint against personal property is completed by seizure and sale;

(b) an attachment of a debt is completed by the receipt of the debt; and

(c) an execution against land is completed by sale, and in the case of an equitable interest, by the appointment of a receiver.

177. (1) Subject to subsection (6), where

<div style="float:right;">Duties of officer in execution process.</div>

(a) assets of a company are taken in an execution process; and

(b) before completion of the execution process the officer charged with the execution process receives notice that a liquidator or a provisional liquidator of a company has been appointed;

he shall, on being required by the liquidator or provisional liquidator to do so, deliver or transfer the assets and any money received in satisfaction or partial satisfaction of the execution or paid to avoid a sale of the assets, to the liquidator.

(2) The costs of the execution process are a first charge on any asset delivered or transferred to the liquidator under subsection (1) and the liquidator may sell all or some of the assets to satisfy that charge.

(3) Subject to subsections (4) and (6), if in an execution process in respect of a judgement for a sum exceeding $500, assets of a company are sold or money

000174

is paid to avoid a sale, the officer charged with the execution process shall retain the proceeds of sale or the money paid for a period of 14 days.

(4) If

(a) within the period of 14 days referred to in subsection (3), the officer has notice that

(i) an application for the appointment of a liquidator of the company has been filed, or

(ii) a meeting of the members of the company has been called at which a resolution to appoint a liquidator is to be proposed; and

(b) a liquidator is appointed in respect of the company;

the officer shall deduct the costs of execution from the amount that he has retained under subsection (3) and pay the balance to the liquidator.

(5) A liquidator to whom money has been paid under subsection (4) is entitled to retain it as against the execution creditor.

(6) The Court may set aside the rights conferred on a liquidator under this section to the extent and subject to such terms as it considers fit.

## NOTICE OF APPOINTMENT AND FIRST MEETINGS OF CREDITORS

<div>

Notice of appointment of liquidator.

178. (1) The liquidator of a company shall, within 14 days of the date of his appointment

</div>

(a) advertise his appointment in

(i) the *Gazette*,

(ii) a newspaper published and circulating in the Virgin Islands, and

(iii) a newspaper published and circulating in the place of the company's principal place of business;

(b) file notice of his appointment with the Registrar;

(c) serve notice of his appointment on the company in respect of which he was appointed; and

000175

(d) if he has been appointed in respect of a company that is or has been a regulated person, serve notice of his appointment on the Commission.

(2) A liquidator who contravenes subsection (1) commits an offence.

179. (1) Subject to section 183, the liquidator of a company shall call a meeting of the creditors of the company (the first creditors' meeting) to be held within 14 days of the date of his appointment Liquidator to call first meeting of creditors.

(a) by sending a notice of the meeting to every creditor not less than seven days before the date upon which the meeting is to be held; and

(b) by advertising the meeting.

(2) During the period before the date of the first creditors' meeting, the liquidator shall, at the request of a creditor, furnish that creditor with

(a) a list of the creditors of the company known to the liquidator; and

(b) such other information concerning the affairs of the company as the creditor may reasonably require and that the liquidator is reasonably able to provide.

(3) The liquidator shall attend the first creditors meeting and, if appointed by the members, shall report to the meeting on any exercise by him of his powers since his appointment.

(4) At the first creditors' meeting, the creditors may,

(a) in the case of a liquidator appointed by the members, appoint another liquidator in his place; or

(b) in the case of a liquidator appointed by the Court, resolve to make application to the Court for the appointment of another liquidator in his place; and

(c) in either case, appoint a creditors' committee.

(5) A liquidator who contravenes subsections (1), (2) or (3) commits an offence.

Application to Court by members.

000176

180. Where at a meeting held under section 179 the creditors appoint a liquidator in the place of the liquidator appointed by the members, a director, member or creditor of the company may apply to the Court for an order that

    (a) the person appointed by the members is appointed liquidator; or

    (b) some other insolvency practitioner is appointed as liquidator;

in either case, instead of or jointly with the liquidator appointed by the creditors.

Application of sections 178 and 179.

181. (1) Subject to subsection (2), sections 178 and 179 do not apply to a liquidator appointed to act

    (a) with an existing liquidator; or

    (b) in place of a liquidator who has died or otherwise ceased to act.

(2) Where the first liquidator of a company dies or ceases to act before sections 178 and 179 have been fully complied with, those sections apply to his successor and any continuing liquidator until the sections have been fully complied with.

Restrictions on powers of liquidator appointed by members.

182. Notwithstanding section 186, in the case of a liquidator appointed by the members of a company, during the period before the holding of the first creditors' meeting called under section 179, the powers of the liquidator are limited to

    (a) taking into his custody and control all the assets to which the company is or appears to be entitled;

    (b) disposing of perishable goods and other assets the value of which is likely to diminish if they are not immediately disposed of;

    (c) doing all such things as may be necessary to protect the company's assets; and

    (d) exercising such other of the powers conferred on a liquidator by section 186 as the Court may, on his application, sanction.

Court appointed liquidator may dispense with creditors' meeting.

183. A liquidator appointed by the Court is not required to call a meeting of creditors under section 179 if

    (a) he considers that, having regard to the assets and liabilities of the company, the likely result of the liquidation of the company and any other relevant matters that it is not necessary for a meeting to be held;

000177

(b) he gives notice to the creditors stating

    (i) that he does not consider it necessary for a meeting to be held,

    (ii) the reasons for his view, and

    (iii) that a meeting will not be called unless 10 per cent in value of the creditors give written notice to the liquidator within ten days of receiving the notice, that they require a meeting to be called; and

(c) no notice requiring a meeting to be held is received by him.

## LIQUIDATORS

184. (1) In performing his functions and undertaking his duties under this Act, a liquidator, whether appointed by resolution of the members or by the Court, acts as an officer of the Court.

*Status of liquidator.*

(2) A liquidator is the agent of the company in liquidation.

185. (1) The principal duties of a liquidator of a company are

*General duties of liquidator.*

(a) to take possession of, protect and realise the assets of the company;

(b) to distribute the assets or the proceeds of realisation of the assets in accordance with this Act; and

(c) if there are surplus assets remaining, to distribute them, or the proceeds of realisation of the surplus assets, in accordance with this Act;

(2) The liquidator shall, subject to this Act and the Rules, use his own discretion in undertaking his duties.

(3) A liquidator also has the other duties imposed by this Act and the Rules and such duties as may be imposed by the Court.

186. (1) A liquidator of a company has the powers necessary to carry out the functions and duties of a liquidator under this Act and the powers conferred on him by this Act.

*General powers of liquidator.*

133

090178

(2)   Without limiting subsection (1), a liquidator has the powers specified in
Schedule 2
Schedule **2**.

(3)   The Court may provide that certain powers may only be exercised with the sanction of the Court

      (a)   where the liquidator is appointed by the Court, on his appointment or subsequently; or

      (b)   where the liquidator is appointed by the members, at any time.

(4)   Where a liquidator disposes of any assets of the company to a person connected with the company, he shall notify the creditors' committee, if any, of such disposition.

(5)   The liquidator of a company, whether or not appointed by the Court, may at any time apply to the Court for directions in relation to a particular matter arising in the liquidation.

Removal of liquidator.

187. (1)   The Court may, on application by a person specified in subsection (2) or on its own motion, remove the liquidator of a company from office if

      (a)   the liquidator

          (i)   is not eligible to act as an insolvency practitioner in relation to the company,

          (ii)   breaches any duty or obligation imposed on him by or owed by him under this Act, the Rules or any other enactment or law in the Virgin Islands, or

          (iii)   fails to comply with any direction or order of the Court made in relation to the liquidation of the company; or

      (b)   the Court is satisfied that

          (i)   the liquidator's conduct of the liquidation is below the standard that may be expected of a reasonably competent liquidator,

          (ii)   the liquidator has an interest that conflicts with his role as liquidator, or

          (iii)   that for some other reason he should be removed as liquidator.

000179

(2)   An application to the Court to remove the liquidator of a company may be made by

     (a)   the creditors' committee;

     (b)   a creditor or member of the company; or

     (c)   the Official Receiver.

(3)   Where the Court removes a liquidator from office under this section

     (a)   if, following his removal, there is at least one liquidator remaining in office, the Court may appoint another liquidator in his place; or

     (b)   if the liquidator removed was the sole liquidator of the company, the Court shall appoint another liquidator in his place.

(4)   On the hearing of an application under this section, the Court may make any interim or other order it considers fit.

188.  (1)   A liquidator of a company                 Resignation of liquidator.

     (a)   shall resign if he is no longer eligible to act as an insolvency practitioner in relation to the company; but

     (b)   otherwise may only resign in accordance with this section.

(2)   Where a liquidator resigns under subsection (1)(a), he shall send a notice of his resignation to the creditors of the company and to the Official Receiver and, if he was appointed by the Court, to the Court.

(3)   A liquidator may resign in accordance with subsection (5)

     (a)   if he intends to cease to be in practice as an insolvency practitioner;

     (b)   if there is some conflict of interest or change of personal circumstances that precludes or makes impracticable the further discharge by him of his duties; or

     (c)   on the grounds of ill health.

(4)   Notwithstanding subsection (3), where joint liquidators are appointed in respect of a company, one or more of the joint liquidators may resign in accordance with subsection (5) if

000180

(a) all the joint liquidators are of the opinion that it is no longer necessary or expedient for the resigning liquidator or liquidators to continue in office; and

(b) at least one of them will remain in office.

(5)   Where the liquidator of a company intends to resign on one of the grounds referred to in subsection (3) or under subsection (4), he shall call a meeting of creditors for the purpose of accepting his resignation as liquidator.

(6)   If, at the meeting called under subsection (5), the creditors resolve to accept the resignation of the liquidator, he ceases to hold office as liquidator with effect from the date of the meeting.

(7)   This section does not apply to the Official Receiver when acting as the liquidator of a company.

Vacancy in office of liquidator.

189. (1)   Where the liquidator of a company

(a)   dies;

(b)   is removed under section 187; or

(c)   resigns under section 188;

the Court may, on the application of a person specified in subsection (2) or on its own motion, fill the vacancy.

(2)   An application under subsection (1) may be made

(a)   by any continuing liquidator;

(b)   by the creditors' committee, if any; or

(c)   by the Official Receiver.

Remuneration of liquidator.

190. The remuneration payable to the liquidator of a company shall be fixed applying the principles set out in section 432.

Notification of liquidation.

191. (1)   Where a company is in liquidation, every document of a type specified in subsection (2) shall

(a)   state that the company is in liquidation; and

(b)   specify the name of the liquidator.

136

000181

(2) Subsection (1) applies to

   (a) every public document issued by or on behalf of the company;

   (b) every public document issued by or on behalf of the liquidator of
       the company or a receiver of the assets of that company on which,
       in either case, the name of the company appears.

(3) If subsection (1) is contravened the company, and each officer,
receiver or liquidator of the company who causes, permits or acquiesces in the
contravention, commits an offence.

192. (1) On the application of the liquidator of a company, the Court may order
that all or any part of the assets of the company, or held by trustees on its behalf,
shall vest in the liquidator from the date of the order. *Vesting of assets in liquidator.*

(2) On the making of an order under subsection (1), the assets covered by
the order vest in the liquidator by his official name.

(3) The liquidator of a company may, after giving such indemnity, if any,
as the Court may direct, bring or defend in his official name any action or other
legal proceeding which relates to the vested assets or which it is necessary to
bring or defend for the purposes of liquidating the company and recovering its
assets.

## MEMBERS

193. (1) The liquidator of a company shall, as soon as practicable after his
appointment, settle a list of the members of the company containing the
information and in the form prescribed. *Settlement of list of members.*

(2) Forthwith after settling the list of members, the liquidator shall give
notice to every person included in the list that he has done so in accordance with
the Rules.

(3) If a person objects to any entry in, or exclusion from, the list of
members as settled by the liquidator which is not accepted by the liquidator, he
may apply to the Court for an order removing the entry to which he objects or, as
the case may be, modifying the entry.

090182

(4) An application under subsection (3) shall be made within 21 days of the service on the applicant of the liquidator's notice declining to accept the objection.

(5) The liquidator of a company is not personally liable for the costs incurred by a person in an application under subsection (3) unless the Court makes an order to that effect.

(6) The liquidator may from time to time vary or add to the list of members as previously settled by him and any variation or addition is subject, as regards any person affected, to the provisions of the Act and the Rules applicable to the settling of the list.

Rectification of register of members.

194. (1) If it appears to the liquidator of a company that the register of members of the company should be rectified, he may apply to the Court for an order under this section.

(2) On an application under subsection (1), the Court may rectify the register of members of the company.

Liability of members limited.

195. (1) Unless the memorandum of a company provides that the liability of a member is unlimited, the liability of a member to contribute to the assets of a company in liquidation for the payment of its liabilities, for the expenses of the liquidation and for the adjustment of the rights of the members between themselves is limited to

   (a) any amount unpaid on a share held by the member, including any liability for calls; and

   (b) any liability expressly provided for in the memorandum or articles, including such contribution as the member of a company limited by guarantee, or by shares and guarantee, may have undertaken to make in the event of the company being wound up.

(2) Subsection (1) does not affect

   (a) any liability of the member to pay or repay monies to the company imposed by a provision of this Act, the Companies Act or the International Business Companies Act; or

   (b) any liability of a member to the company under a contract, including a contract for the issue of shares, or for any tort, breach of fiduciary duty or other actionable wrong committed by the member.

Liability of past members.

138

196. (1)  For the purposes of this section, a "past member" of a company is a person who ceased to be a member of the company at any time during the period of one year before the commencement of the liquidation of the company.

(2)  Unless the Court is satisfied that the members of a company are able to discharge the liabilities set out in 195(1), a past member of a company in liquidation is liable to contribute to the assets of the company for the purposes specified in that subsection to the same extent as a member.

(3)  Notwithstanding subsection (2), a past member is not liable to contribute to the assets of the company in respect of any liability of the company contracted after he ceased to be a member.

197. A member, and a past member, of a company may not claim in the liquidation of the company for a sum due to him in his character as a member, whether by way of dividend, profits, redemption proceeds or otherwise, but such sum is to be taken into account for the purposes of the final adjustment of the rights of members and, if appropriate, past members between themselves. <span>Dividends payable to member.</span>

198. (1)  This section applies where an unlimited company in liquidation was at some former time registered as a limited company. <span>Liability where limited company becomes unlimited company.</span>

(2)  A person who ceased to be a member of a company before the company became registered as an unlimited company, and has not since become a member of the company, is liable to contribute to the assets of the company only to the extent that he would have been liable had the company remained registered as a limited company.

199. (1)  This section applies where a limited company in liquidation was at some former time registered as an unlimited company. <span>Liability where unlimited company becomes limited company.</span>

(2)  Notwithstanding section 196, if a company referred to in subsection (1) goes into liquidation within the period of one year from the date on which it was registered as a limited company, a person who was a member of the company at the date of its registration as a limited company is liable, without limit, to contribute to the assets of the company in respect of liabilities contracted before that time.

200. The personal representatives of a member or past member who has died are liable to contribute out of his estate to the assets of the company under sections 195, 196, 198 and 199 to the same extent as the member. <span>Liability of personal representative.</span>

201. The liquidator of a company is entitled to submit a claim in the bankruptcy or liquidation of any member or past member of the company in respect of any contribution that the member or past member is required to make under sections 195, 196, 198 and 199. <span>Effect of member or past member becoming bankrupt.</span>

000184

| | |
|---|---|
| Status of personal representatives or trustee in bankruptcy. | 202. The personal representatives and the trustee in bankruptcy of a member or past member of a company in liquidation are entitled to make any application to Court, or take any such other action, as could be made or taken by the member or past member. |

| | |
|---|---|
| Insurance and other contracts not affected. | 203. Nothing in this Act invalidates any provision contained in a policy of insurance or other contract whereby the liability of individual members on the policy or contract is restricted or whereby the funds of the company are alone made liable in respect of the policy or contract. |

| | |
|---|---|
| Power of liquidator to enforce liability of member or past member. | 204. (1) The liquidator of a company may, |

    (a) if a member is liable to calls, make calls on that member; and

    (b) if a member or past member is liable to the company, as a member, require him, by notice in writing, to discharge that liability.

(2) A call made under subsection (1)(a) shall be in writing and shall specify the amount of, or balance due in respect of, the call.

(3) The liability of a member under subsection (1) includes a liability of the estate of the person he represents.

(4) In the case of an unlimited company, a member may set-off against a liability under subsection (1)(b) any money due to him, or to the estate which he represents, from the company on any independent dealing or contract with the company, but not any money due to him as a member of the company in respect of any dividend or profit.

(5) The liquidator may enforce the liability of a member under subsection (1) only if that member is on the list of members settled by him under section 193.

| | |
|---|---|
| Summary remedy against members and past members. | 205. (1) The liquidator may apply to the Court for an order under this section if |

    (a) a member of a company fails to comply with a call made under section 204(1)(a); or

    (b) a member or past member fails to satisfy a liability when required to do so under 204(1)(b).

140

000195

(2)   On an application under subsection (1), the Court may order a member or past member to pay to the company any money due from him, or due from the estate of the person who he represents in accordance with section 204(1).

(3)   In the case of any company, whether limited or unlimited, when all the creditors are paid in full, together with interest at the official rate, any money due on any account whatever to a member from the company may be allowed to him by way of set-off against any subsequent call.

206.   An order made against a member under section 205 is, subject to any right of appeal, conclusive evidence that the money, if any, ordered to be paid is due. <span style="float:right">Order under section 205 to be conclusive evidence.</span>

## CLAIMS

207. (1)   Unless and to the extent that this Act or any other enactment provides otherwise, the assets of a company in liquidation shall be applied <span style="float:right">Distribution of assets of company.</span>

    (a)   in paying, in priority to all other claims, the costs and expenses properly incurred in the liquidation in accordance with the prescribed priority;

    (b)   after payment of the costs and expenses of the liquidation, in paying the preferential claims admitted by the liquidator in accordance with the provisions for the payment of preferential claims prescribed;

    (c)   after payment of the preferential claims, in paying all other claims admitted by the liquidator; and

    (d)   after paying all admitted claims, in paying any interest payable under section 215.

(2)   Subject to section 151, the claims referred to in subsection (1)(c) rank equally between themselves if the assets of the company are insufficient to meet the claims in full, they shall be paid rateably.

(3)   Any surplus assets remaining after payment of the costs, expenses and claims referred to in subsection (1) shall be distributed to the members in accordance with their rights and interests in the company.

(4)   For the purposes of this Act, assets held by a company in liquidation on trust for another person are not assets of the company.

208. (1)   So far as the assets of a company in liquidation available for payment of the claims of unsecured creditors are insufficient to pay <span style="float:right">Claims having priority over floating charges.</span>

090186

(a) the costs and expenses of the liquidation in accordance with the prescribed priority; and

(b) the preferential creditors;

those costs, expenses and claims have priority over the claims of chargees in respect of assets that are subject to a floating charge created by the company and shall be paid accordingly out of those assets.

Claims by unsecured creditors.

209. (1) An unsecured creditor may make a claim against a company in liquidation by submitting to the liquidator a written claim, signed by him or on his behalf.

(2) The liquidator may require an unsecured creditor who intends to submit, or who has submitted, a claim under subsection (1)

(a) to verify his claim by affidavit;

(b) to provide further particulars of his claim; or

(c) to provide him with documentary or other evidence to substantiate the claim.

(3) As soon as reasonably practicable after receiving a claim under subsection (1) from a creditor who has complied with any requirements that the liquidator may have imposed under subsection (2), the liquidator shall either admit or reject the claim in whole or in part.

(4) If the liquidator rejects the claim, whether in whole or in part, he shall as soon as practicable provide the creditor with a notice of rejection in which the reasons for the rejection of the claim shall be specified.

(5) Unless the Court otherwise orders, a creditor shall bear the costs of making a claim under this section, including the costs of complying with any requirements imposed by the liquidator under subsection (2).

(6) The liquidator shall not admit a claim against the company unless it has been made in accordance with this section.

(7) A person who makes or authorizes the making of a claim under this section knowing that

(a) the claim is false or misleading in a material matter; or

(b) a material fact or matter has been omitted from the claim;

142

000187

commits an offence.

210. (1) A claim made under section 209 may Variation, withdrawal and expunging of claims.

    (a) be amended or withdrawn by the creditor at any time before the liquidator has admitted it; and

    (b) be amended or withdrawn by agreement between the creditor and the liquidator at any time after the liquidator has admitted it

    (2) The Court, on the application of the liquidator or, where the liquidator declines to make application under this subsection, a creditor, may expunge or amend an admitted claim if it is satisfied that the claim should not have been admitted or should be reduced.

211. (1) A secured creditor may Claims by secured creditors.

    (a) value the assets subject to the security interest and claim in the liquidation of a company as an unsecured creditor for the balance of his debt; or

    (b) surrender his security interest to the liquidator for the general benefit of creditors and claim in the liquidation as an unsecured creditor for the whole of his debt;

but he is not obliged to do either.

    (2) A secured creditor may, at any time apply to the liquidator to amend the value that he placed on the security interest in his claim.

    (3) If, on receiving an application under subsection (2), the liquidator is satisfied that

    (a) the value placed on the security interest was an estimate made in good faith on a mistaken basis; or

    (b) the value of the security interest has subsequently changed;

he may permit the secured creditor to amend the value that he places on the security interest.

    (4) If the liquidator of a company is dissatisfied with the value placed on a security interest by a secured creditor, whether under subsection (1)(a) or on an

143

amendment under subsection (3), he may require the assets comprised in the security interest to be offered for sale.

(5) A sale under subsection (4) is to be on such terms and conditions as are agreed by the secured creditor and the liquidator or, in default, as the Court determines.

(6) If assets are offered for sale by public auction, both the secured creditor and the liquidator are entitled to bid for and purchase them.

Redemption of security interest by liquidator.

212. (1) Where a secured creditor has claimed in the liquidation of a company under section 211(1)(a), the liquidator may at any time give notice to the creditor that he proposes at the expiration of 28 days from the date of the notice to redeem the security interest at the value placed on it by the creditor.

(2) A secured creditor who receives a notice under subsection (1) may, within 21 days of the date of the notice, apply to the liquidator to revise the value that he places on the security interest in accordance with section 211(2).

(3) At the expiration of 28 days from the date of the notice under subsection (1), the liquidator may redeem the security interest at the value placed on it by the creditor unless

> (a) the secured creditor has applied to the liquidator to amend the value that he places on the security interest and that application has not been determined; or

> (b) the secured creditor has appealed to the Court against the refusal of the liquidator to permit him to amend the value that he places on his security interest, and that appeal has not been determined.

(4) Where, subsequent to a notice to redeem issued under subsection (1), the value placed by the secured creditor on his security interest is amended, whether with the consent of the liquidator or on appeal to the Court, the liquidator may only redeem the security interest at the new value.

(5) A secured creditor may, by serving a notice to elect on the liquidator, require him to elect whether or not to exercise his power to redeem under this section.

(6) Where a notice to elect is served on a liquidator under subsection (5), he is not entitled to redeem the security interest unless he does so within six months of the date of service of the notice on him or within such extended period as the Court may allow.

090189

213. (1) Where a secured creditor realises his security interest and there is a surplus remaining from the net amount realised after satisfaction of the debt secured, he shall account to the liquidator for the surplus, after making any proper payments to the holder of any other security interest over the assets subject to that charge.

Realization of security interest by secured creditor.

(2) Where a secured creditor realises his security interest and the net amount realised is not sufficient to satisfy the liability secured

(a) if the creditor has previously valued his security interest and claimed in the liquidation for the balance under section 211(1)(a), the net amount realised is substituted for the value previously placed by the creditor on the security interest; or

(b) in any other case, the creditor may claim in the liquidation as an unsecured creditor for the balance of the secured liability.

(3) For the purposes of this section, the secured liability includes contractual interest payable to the secured creditor on the liability up to the time of its satisfaction.

214. (1) Subject to subsection (2), if a secured creditor omits to disclose his security interest when submitting a claim in the liquidation of a company, he shall surrender his security interest for the general benefit of the creditors.

Surrender for non-disclosure.

(2) The Court may, on application by a secured creditor who is required to surrender his security interest under subsection (1), if it is satisfied that the omission was inadvertent or the result of an honest mistake by order direct

(a) that he is not required to surrender his security interest; and

(b) that he values his security interest and amends his claim accordingly.

215. (1) Interest is payable on any claim in the liquidation of a company in respect of the period after the commencement of the liquidation in accordance with this section.

Interest after commencement of liquidation.

(2) Any surplus remaining after the payment of all claims in the liquidation of a company shall, before being applied for any other purpose, be applied in paying interest on those claims in respect of the periods during which they have been unpaid since the commencement of the liquidation.

(3) Subject to section 151, all interest payable under this section ranks equally, whether or not the claims on which it is payable rank equally and if the

090190

assets of the company are insufficient to meet the claims in full, they shall be paid rateably.

    (4)   The rate of interest payable under this section is the greater of

        (a)  the court rate; and

        (b)  the rate that would be applicable to the claim if a liquidator of the company had not been appointed.

## DISTRIBUTIONS

Power to exclude creditors not claiming in time.

216. (1)  The liquidator of a company may, by written notice sent to the creditors of the company, fix a date on or before which creditors shall submit their claims to him.

    (2)   Where the liquidator sends a notice to creditors under subsection (1), a creditor who does not submit a claim on or before the date specified in the notice is excluded form the benefit of any distribution on or after that date that is made before he submits his claim.

## DISCLAIMER

Liquidator may disclaim onerous property.

217. (1)  For the purposes of this section, "onerous property" means

        (a)  an unprofitable contract; or

        (b)  assets of the company which are unsaleable or not readily saleable, or which may give rise to a liability to pay money or perform an onerous act.

    (2)   Subject to section 219, the liquidator of a company may, by filing a notice of disclaimer with the Court, disclaim any onerous property of the company even though he has taken possession of it, tried to sell or assign it or otherwise exercised rights of ownership in relation to it.

    (3)   A liquidator who disclaims onerous property shall, within 14 days of the date on which the disclaimer notice is filed, give notice to every person whose rights are, to the knowledge of the liquidator, affected by the disclaimer.

    (4)   A liquidator who contravenes subsection (3) commits an offence.

When disclaimer takes effect.

218. (1)  Subject to subsection (2), a disclaimer takes effect on the date when the notice of disclaimer is filed at Court.

146

000191

(2)   The disclaimer of property of a leasehold nature does not take effect unless a copy of the disclaimer notice has been given, so far as the liquidator is aware of their addresses, to every person claiming under the company as underlessee or mortgagee and either

> (a)  no application for a vesting order is made under section 221 with respect to that property before the end of a period of 14 days beginning with the day on which the last notice under this subsection was given; or

> (b)  where such an application is made, the Court directs that the disclaimer shall take effect.

(3)   Where the Court gives a direction under subsection (2)(b), it may also, instead of or in addition to any order it makes under section 221, make such orders with respect to fixtures, tenant's improvements and other matters arising out of the lease as it considers fit.

219. (1)   A person interested in property or whose rights would be effected by the disclaimer of property may, by serving a notice to elect on the liquidator, require him to elect whether or not to disclaim the property.

<div style="float:right">Notice to liquidator to elect whether to disclaim.</div>

(2)   Where a notice to elect is served on a liquidator, he is not entitled to disclaim the property under section 217 unless he does so within 28 days of the date of service of the notice on him or within such extended period as the Court may allow.

220. (1)   A disclaimer of onerous property under section 217

<div style="float:right">Effect of disclaimer.</div>

> (a)  operates so as to determine, with effect from the date of the disclaimer, the rights, interests and liabilities of the company in or in respect of the property disclaimed; but

> (b)  except so far as is necessary to release the company from liability, does not affect the rights or liabilities of any other person.

(2)   A person suffering loss or damage as a result of a disclaimer of onerous property under section 217 may claim in the liquidation of the company as a creditor for the amount of the loss or damage.

221. (1)   Subject to section 222, if a liquidator disclaims onerous property under section 217, the Court may make an order under subsection (2) on the application of

<div style="float:right">Vesting orders and orders for delivery.</div>

> (a)  a person who claims an interest in the disclaimed property; or

147

090192

(b) a person who is under a liability in respect of the disclaimed property, that has not been discharged by the disclaimer.

(2) On an application under subsection (1), the Court may, on such terms as it considers fit, order that the disclaimed property be vested in or delivered to

(a) a person entitled to the property;

(b) a person under a liability in respect of the property that has not been discharged by the disclaimer; or

(c) a trustee for a person referred to in paragraph (a) or (b).

(3) The Court shall not make an order in respect of a person specified in subsection (2)(b), or in respect of a trustee of such a person, unless it appears to the Court that it would be fair to do so for the purpose of compensating the person subject to the liability in respect of the disclaimer.

(4) The effect of any order under this section shall be taken into account in assessing the extent of the loss or damage suffered by a person for the purposes of section 220(2).

(5) Subject to subsection (6), where a vesting order is made under this section vesting property in a person, the property vests immediately without any conveyance, transfer or assignment.

(6) Where another Virgin Islands enactment

(a) requires the transfer of property vested by an order under this section to be registered; and

(b) that enactment enables the order to be registered;

on the making of a vesting order, the property vests in equity but does not vest at law until the registration requirements of the enactment have been complied with.

Vesting orders in respect of leases.
222. (1) Where the Court makes an order under section 221 vesting property of a leasehold nature in a person claiming under the company in liquidation as an underlessee or a mortgagee, the vesting order shall be made on terms that make that person subject

(a) to the same liabilities and obligations as the company was subject to under the lease at the commencement of the liquidation; or

(b) to the same liabilities and obligations as that person would have

148

090193

been subject to if the lease had been assigned to him at the commencement of the liquidation.

(2)   Where the property vested by an order under section 221 relates to only part of the property comprised in a lease, subsection (1) applies as if the lease comprised the property subject to the vesting order.

(3)   Where no underlessee or mortgagee is willing to accept a vesting order made subject to subsection (1), the Court, by order

    (a)   may vest the property in any person who is liable, whether personally or in a representative capacity and whether alone or jointly with the company, to perform the lessee's covenants in the lease; and

    (b)   where a vesting order is made under paragraph (a), may vest the property free from all estates, encumbrances and interests created by the company.

(4)   Where an underlessee or a mortgagee declines to accept a vesting order made subject to subsection (1), he is excluded from all interest in the property.

223.   Where land subject to a rentcharge is disclaimed and that land vests by operation of law in any person, including the Crown, that person and his successors in title are not subject to any personal liability in respect of any sums becoming due under the rentcharge except sums except sums becoming due after he, or some person claiming title under or through him,  has taken possession or control of the land or has entered into occupation of it. *Land subject to rentcharge.*

224.   Unless it is proved that a liquidator has breached his duty to give notice under section 217(3) or that he has otherwise breached his duties under this Act or the Rules with regard to disclaimer, a disclaimer of property by the liquidator is presumed to be valid and effective. *Disclaimer presumed valid.*

## INVESTIGATION OF ASSETS AND AFFAIRS OF COMPANY

225.   (1)   In this section, "relevant person" has the meaning specified in section 275. *Statement of affairs.*

(2)   The liquidator or provisional liquidator of a company may require one or more relevant persons to prepare a statement of affairs of the company in accordance with Part XI, Division 2.

149

000194

(3)   Subject to section 280, the liquidator or provisional liquidator shall file with the Court each statement of affairs and each affidavit of concurrence that he receives.

Preliminary report.

226. (1)   The liquidator of a company shall, within sixty days of the commencement of the liquidation, prepare a preliminary report covering, to the best of his knowledge and belief, the following matters:

    (a)   in the case of a company with share capital, the amount of capital issued, subscribed and paid up;

    (b)   the assets and liabilities of the company;

    (c)   if the company has failed, the causes of the failure; and

    (d)   whether, in his opinion, further enquiries are desirable with respect to

        (i)   any matter relating to the promotion, formation or insolvency of the company or the conduct of the business or affairs of the company; and

        (ii)   possible claims under Part **IX**.

(2)   The liquidator shall send a copy of the report prepared under subsection (1)

    (a)   to each creditor of the company; and

    (b)   if in his report he states that further enquiries are desirable with respect to a matter referred to in subsection (1)(d), to the Official Receiver.

(3)   Subsection (2)(b) does not apply to the Official Receiver when he is acting as the liquidator of a company.

(4)   The Court may, on the application of the liquidator, extend the period specified in subsection (1) on such terms and conditions as it considers fit.

Duty of Official Receiver concerning report under section 226.

227.   Where the Official Receiver receives a report under section 226, he shall carry out such investigation, if any, as he considers appropriate.

090195

## MISCELLANEOUS PROVISIONS

228. (1) The liquidator shall call a meeting of the creditors of a company in liquidation if

Liquidator to call meetings of creditors.

    (a) a meeting is requisitioned by the creditors of the company in accordance with subsection (2); or

    (b) he is directed to do so by the Court.

(2) A creditors' meeting may be requisitioned in accordance with the Rules by 10 per cent in value of the creditors of the company.

229. (1) On the application of a person who is, as against the liquidator of a company, entitled to the benefit or subject to the burden of a contract made with the company, the Court may make an order rescinding the contract on such terms as to payment by or to either party of damages for the non-performance of the contract, or otherwise as the Court considers just.

Recession of contracts by the Court.

(2) Any damages payable to a person under an order made under subsection (1) may be claimed by him as a debt in the liquidation of the company.

230. (1) At any time after the appointment of a liquidator of a company, the Court may, on such terms as it considers appropriate, make an order for the inspection of specified books, records and documents of the company that are in its possession.

Inspection of books by creditors.

(2) Application for an order under subsection (1) may be made by a creditor or member of the company.

231. (1) In this section "specified person" means

Enforcement of liquidator's duties.

    (a) the Official Receiver;

    (b) a creditor of a company in liquidation; or

    (c) a member of a company in liquidation.

(2) If a liquidator fails to file any notice, return, account or other document, a specified person may serve a notice on the liquidator requiring him to remedy the default.

(3) If a liquidator fails to remedy the default specified in a notice served under subsection (1) within 14 days of service of the notice on him, any specified person may apply to the Court for an order that the liquidator remedy the default within such time as the Court may specify.

151

(4)   The Court may order that the costs of and incidental to an application under this section are payable by the liquidator personally.

(5)   A liquidator who fails to comply with an order made under subsection (3) commits an offence.

(6)   This section does not prejudice any other provision of this Act or any other enactment

## TERMINATION OF LIQUIDATION

Termination of liquidation.

232.  The liquidation of a company terminates on the first occurring of

(a)  the making by the Court of an order terminating the liquidation under section 233, or such later date as may be specified in the order;

(b)  the filing by the liquidator of a certificate of compliance with the provisions of section 234(2), as modified by the Court under section 234(4), if appropriate; or

(c)  the making by the Court of an order under section 234(4) exempting the liquidator from compliance with 234(2), or such later date as may be specified in the order.

Order terminating liquidation.

233.  (1)   The Court may, at any time after the appointment of the liquidator of a company, make an order terminating the liquidation if it is satisfied that it is just and equitable to do so.

(2)   An application under this section may be made by the liquidator, a creditor, a director or a member of the company or the Official Receiver.

(3)   Before making an order under subsection (1), the Court may require the liquidator to file a report with respect to any matters relevant to the application.

(4)   An order under subsection (1) may be made subject to such terms and conditions as the Court considers appropriate and, on making the order or at any time thereafter, the Court may give such supplemental directions or make such other order as it considers fit in connection with the termination of the liquidation.

(5)   Where the Court makes an order under subsection (1), the company ceases to be in liquidation and the liquidator ceases to hold office with effect from the date of the order or such later date as may be specified in the order.

090197

(6)   Where the Court makes an order under subsection (1), the person who applied for the order shall, within ten days of the date of the order, file a sealed copy of the order with the Registrar.

(7)   A person who contravenes subsection (6) commits an offence.

234. (1)   In this section "Register" means, as appropriate

Completion of liquidation.

    (a)  the register of international business companies maintained by the Registrar under the International Business Companies Act; or

Cap. 291

    (b)  the register of companies maintained by the Registrar under the Companies Act.

Cap. 285

(2)   As soon as practicable after completing his duties in relation to the liquidation of a company, the liquidator shall

    (a)  prepare and send to every creditor of the company whose claim has been admitted and to every member of the company

        (i)   his final report, complying with subsection (3), and a statement of realisation and distribution in respect of the liquidation, and

        (ii)  a summary of the grounds upon which a creditor or member may object to the striking of the company from the Register; and

    (b)  file with the Registrar a copy the final report and the statement realisations and distributions sent to the creditors and members of the company.

(3)   The final report of a liquidator shall contain a statement

    (a)  that all known assets of the company have been disclaimed, realised or distributed without realisation;

    (b)  that all proceeds of realisation have been distributed; and

    (c)  that there is no reason why, in his opinion, the company should not be struck from the Register, and dissolved.

(4)   On the application of the liquidator, the Court may on such terms and conditions as it considers just,

090198

(a) exempt the liquidator from compliance with subsection (2)(a); or

(b) modify the application of the provisions of subsection (2) to the liquidator.

235. (1) A person who ceases to be the liquidator, or provisional liquidator, of a company may apply to the Court for his release and the Court my grant the release unconditionally or upon such conditions as it considers fit, or it may withhold it.

(2) If the Court withholds the release, it may make a compensation order against the former liquidator under section 254.

(3) Subject to subsection (5), where a former liquidator is released under this section, he is discharged from all liability in respect of any act or default of his in relation to the administration of the company.

(4) An order for the release of a former liquidator may be revoked by the Court if the release was obtained by fraud or the suppression or concealment of any material fact.

(5) Subsection (3) does not prevent the Court from making an order under section 254 against a liquidator who has been released under this section.

(6) Where the Official Receiver ceases to be liquidator and another liquidator is appointed in his place, the Official Receiver obtains his release

(a) from the appointment of the new liquidator; or

(b) such later date as the Court may determine.

(7) A liquidator who obtains his release under this section shall file a notice in the prescribed form with the Registrar.

236. The Rules shall provide for the dissolution of a company on the termination and completion of the liquidation of the company.

000199

# Exhibit 2

VIRGIN ISLANDS

NO. 16 OF 2004

# THE BVI BUSINESS COMPANIES ACT, 2004

Virgin Islands; or

(b) transactions in respect of the shares, debt obligations or other securities of a land owning company.

(5) For the purposes of subsection (4), a company is a land owning company if it, or any of its subsidiaries, has an interest in any land in the Virgin Islands.

(6) Notwithstanding any provision of the Registration and Records Act, all deeds and other instruments relating to

(a) transfers of property to or by a company,

(b) transactions in respect of the shares, debt obligations or other securities of a company, and

(c) other transactions relating to the business of a company,

are exempt from the provisions of that Act.

Offence provisions.
**243.** Where an offence under this Act is committed by a body corporate, a director or officer who authorized, permitted or acquiesced in the commission of the offence also commits an offence and is liable on summary conviction to the penalty specified for the commission of the offence.

## PART XV

## TRANSITIONAL AND MISCELLANEOUS PROVISIONS

Limited Liability Companies.
**244.** (1) The Executive Council may, on the advice of the Commission, make regulations providing for the formation, management and operation of limited liability companies and to provide for connected and consequential matters.

(2) Regulations made under subsection (1) shall be subject to a negative resolution of the Legislative Council.

Jurisdiction.
**245.** For purposes of determining matters relating to title and jurisdiction but not for purposes of taxation, the situs of the ownership of shares, debt obligations or other securities of a company is in the Virgin Islands.

Declaration by Court.
**246.** (1) A company may, without the necessity of joining any other party, apply to the Court, by summons supported by an affidavit, for a declaration on any question of interpretation of this Act or of the memorandum or articles of the company.