UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
: 
In re: : Chapter 15
:
TRANSFIELD ER CAPE LIMITED (BVI), : Case No. 10-16270 (MG)
:
      Debtor in a :
      Foreign Proceeding. :
:
:
------------------------------------------------------x

**ORDER TO SHOW CAUSE WHY PROVISIONAL RELIEF SHOULD NOT BE GRANTED PENDING HEARING ON PETITION PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1515, 1517, 1519, 1520 AND 1521 FOR ENTRY OF AN ORDER RECOGNIZING FOREIGN PROCEEDING AND GRANTING FURTHER RELIEF AND ADDITIONAL ASSISTANCE AND TEMPORARY RESTRAINING ORDER**

Upon the application of Casey McDonald, Bob Yap Cheng Ghee and Patrick Cowley, duly appointed Joint Liquidators and foreign representatives ("Petitioners" or "Joint Liquidators") of Transfield ER Cape Limited (BVI) ("TERC" or the "Foreign Debtor"), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the "BVI Court"), case number BVIHCV2010/21 (the "BVI Liquidation"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "2003 Act"), for provisional relief as set forth in the Verified Petition ("Petition") for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code"): (i) recognizing the BVI Liquidation of TERC as a foreign main proceeding, or in the alternative, a foreign non-main proceeding pursuant to chapter 15 of the Bankruptcy Code; (ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to sections 1507 and1521(a) and (b) of the Bankruptcy Code; and upon the Court's review and consideration of the application, the Petition, and the accompanying Declarations of Casey McDonald executed on November 19, 2010, of Sandie Corbett, executed on November

19, 2010, and James H. Power, executed on November 19, 2010, together with all exhibits thereto, attesting to the need for relief by Order to Show Cause; and it appearing that this Order to Show Cause is necessary and beneficial to the Petitioners and TERC; and notice of the hearing on this Order to Show Cause having been filed on the Bankruptcy Court's electronic docket and provided by electronic mail to counsel for the parties to the U.S. Action, and it appearing that no other or further notice of this Order to Show Cause need be given, except as provided herein; and after due deliberation and sufficient cause appearing thereof, this Court finds and concludes that a showing has been made as follows:

    A.    There is a substantial likelihood that Petitioners will be able to demonstrate that the BVI Liquidation is a foreign main or non-main proceeding pursuant to section 1517 of chapter 15 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"), that Petitioners are the duly appointed foreign representatives of TERC pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that TERC and Petitioners, in their capacity as foreign representatives of TERC, are entitled to protections afforded by sections 1520 and 1521 of the Bankruptcy Code;

    B.    The continuation of the actions styled (i) *China Earth Shipping Inc. v. Transfield ER Cape Limited,* Index No. 650621-2010 (N.Y. Sup. Ct.) (the "China Earth" Action; (ii) *China Sun Shipping Inc. v. Transfield ER Cape Limited* Index No. 650622-2010 (N.Y. Sup. Ct.) (the "China Sun Action"); (iii) *Constellation Energy Commodities Group Inc. v. Transfield ER Cape Ltd. and Transfield ER Ltd.* 10-cv-4434 (S.D.N.Y.) (SHS) (the "Constellation Action"); (iv) *Jade Navigation S.A. v. Transfield ER Cape Ltd.,* 10-cv-4899 (S.D.N.Y.) (AKH) (the "Jade Action"); and (v) *TMT Bulk Co. Ltd. v. Transfield ER Cape Ltd. and Transfield ER Ltd.*, 10-cv-5110 (S.D.N.Y.) (JSR) (the "TMT Action") (collectively, the "U.S. Actions") against TERC should be

temporarily and provisionally enjoined, to the extent provided herein, pursuant to sections 105(a) and 1519 of the Bankruptcy Code and Fed. R. Bankr. P. 7065(b), to permit the expeditious and economical administration of TERC's estate in the BVI Liquidation, and such relief will not cause undue hardship or any hardship to parties in interest or is outweighed by the benefits;

C. There is a material risk that TERC will suffer cognizable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court enter this Order;

D. The interests of the public will be served by this Court's entry of this Order;

E. Petitioners, in connection with their representation of TERC, and TERC are provisionally entitled to the protections and rights afforded pursuant to section 1519(a)(l)-(3) of the Bankruptcy Code, to the extent provided herein; and

F. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW THEREFORE, IT IS HEREBY**

1. **ORDERED,** that all parties in interest come before the Honorable Martin Glenn, United States Bankruptcy Judge for the Southern District of New York, for a hearing (the "Hearing") at 2:00 p.m. on Tuesday, December 7, 2010, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Room 501, One Bowling Green, New York, New York 10004, to show why a preliminary injunction order should not be granted:

    a. Provisionally staying the U.S. Actions, *provided however*, that the Constellation Action may proceed solely for the purposes of entry of an order and/or judgment on the motions currently pending in that Action;

    b. Provisionally enjoining all persons and entities from: (1) executing against TERC's assets; (2) taking or continuing any act to obtain possession of, or exercise control over, Petitioners (in their capacity as foreign representatives of

TERC), TERC or any of its property; (3) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioners (in their capacity as foreign representatives of TERC), TERC or any of its property, including, without limitation, enforcing the Attachment Orders (defined below) with respect to any funds that are not included among the Attached Funds (defined below) as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Petitioners (in their capacity as foreign representatives of TERC), TERC or any of its property, wherever such property is located; (4) transferring, relinquishing or disposing of any property of TERC to any person or entity other than Petitioners;

c. Enjoining all persons and entities from commencing or continuing any action to create, perfect or enforce any lien, setoff, attachment, or other claim against TERC or Petitioners ((in their capacity as foreign representatives of TERC), or against any of U.S. Assets or the proceeds thereof; provided, however, that no action described in sections 555, 556, 557, 559, 560, 561, 562 and 1519 (d) and (f) of the Bankruptcy Code (the "Excepted Actions") shall be enjoined by such provisional relief;

d. Ordering that notwithstanding anything to the contrary herein, pending further order of this Court, J.P. Morgan Chase Bank shall continue to hold the $866,377.36 and any further sums that it currently holds (the "Attached Funds") as a result of the orders of attachment previously granted in the U.S. Actions (the "Attachment Orders"), and the Attachment Orders will remain in effect;

e. Ordering that Petitioners or any third person acting pursuant to Petitioners' instructions or agreement may, in accordance with their obligations to TERC or under the BVI Liquidation, transfer funds or property belonging to TERC not subject to the Attachment Orders into or out of the United States;

f. Ordering that pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived;

g. Ordering that, pending the hearing to consider the request for recognition and other related relief requested in the Petition (the "Recognition Hearing"), Petitioner is authorized to operate the business of TERC; and it is further

2. **ORDERED**, that aside from the Excepted Actions, pending the Hearing, all persons and entities are hereby temporarily restrained from:

(a) Executing against or further attaching the Attached Assets or any other assets or property of TERC;

(b) Commencing or continuing any litigation or any other proceeding, including, without limitation, the U.S. Actions, any appeals, mediations or any judicial, quasi judicial, administrative or regulatory action, proceeding or process whatsoever, serving any subpoena for discovery in the United States, or taking any other actions against or involving Petitioners (in their capacity as foreign representatives of TERC), TERC, the Attached Assets or any other assets or property of TERC or proceeds thereof, or any rights, obligations or liabilities of TERC, *provided however*, that the Constellation Action may proceed solely for purposes of entry of an order and/or judgment on the motions currently pending in that Action;

(c) Enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against TERC or Petitioners (with respect to TERC), the Attached Assets or any other assets or property of TERC or the proceeds thereof;

(d) Commencing or continuing any action to create, perfect or enforce any lien, setoff, attachment, or other claim against TERC, Petitioners (with respect to TERC), any of the Attached Assets or other assets or property of TERC or the proceeds thereof; provided, however, that none of the Excepted Actions will be enjoined by such provisional relief and the Attachment Orders will remain in effect; and it is further

3. **ORDERED,** that pursuant to Fed. R. Civ. P. 65(b), made applicable to these proceedings by Fed. R. Bankr. P. 7065, sufficient notice has been provided prior to the entry and issuance of this Order; and it is further;

4. **ORDERED** that, *except for* all hire payments or property related to or arising out of the post-liquidation operation of the business of TERC (which may be transferred freely into and out of the U.S.), no other property of TERC may be transferred out of the United States pending the Hearing; and it is further

5. **ORDERED** that, notwithstanding anything to the contrary herein, pending further order of this Court, the Attachment Orders will remain in effect; and it is further

6. **ORDERED**, that any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than one (1) business day's notice to the United States counsel for the Petitioner, seeking an order for such relief, and any such request shall be the subject matter of a hearing scheduled by the Court; and it is further

7. **ORDERED**, that pursuant to Fed. R. Bankr. P. 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

8. **ORDERED**, that copies of this Order, the Petition and supporting papers shall be served upon (a) any known party in interest, and (b) any party in interest that becomes known to Petitioners by overnight courier within three (3) business days following the time any such party is identified by Petitioners; and it is further

9. **ORDERED**, that the Petition and supporting papers shall also be made available by Petitioners upon request to Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019 (Attn.: James Power, Esq.), as counsel to Petitioners; and it is further

10. **ORDERED**, that, objections, if any, submitted for the purpose of opposing the Petitioners' application for provisional relief on the terms described above must be made in writing describing the basis therefore and be filed with this Court electronically in accordance with General Order M-182 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a 3.5 inch disc or CD-ROM, preferably in Portable Document Format (PDF) format, Word Perfect, or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable Martin Glenn, and served upon counsel to Petitioners, Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019 (Attn.: James H. Power, Esq.), so as to be received on or before December 3, 2010 at 12:00 noon, Eastern Standard Time; except that the foregoing is without prejudice to the right of any party in interest to seek, upon appropriate notice and hearing, to terminate or otherwise modify the provisional relief.

Dated: New York, New York  
November 29, 2010                                           **_/s/Martin Glenn_**  
                                                                                 MARTIN GLENN  
                                                                        United States Bankruptcy Judge