UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                                                                                                          :

In re:                                                              :       Chapter 15

TRANSFIELD ER CAPE LIMITED (BVI),    :       Case No. 10-16270 (MG)

                Debtor in a
                Foreign Proceeding.

-----------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1515, 1517, 1520 AND 1521 RECOGNIZING FOREIGN PROCEEDING AND GRANTING FURTHER RELIEF

A hearing having been held before the United States Bankruptcy Court of the Southern District of New York on January 13, 2010 (the "Hearing") to consider the Verified Petition and Official Form Petition (collectively, the "Petition") of Casey McDonald, Bob Yap Cheng Ghee and Patrick Cowley, duly appointed Joint Liquidators and foreign representatives ("Petitioners" or "Joint Liquidators") of Transfield ER Cape Limited (BVI) ("TERC" or the "Foreign Debtor")), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the "BVI Court"), case number BVIHCV2010/21 (the "BVI Liquidation"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "2003 Act"), for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code"): (i) recognizing the BVI Liquidation of TERC as a foreign main proceeding, or in the alternative, a foreign non-main proceeding pursuant to chapter 15 of the Bankruptcy Code; (ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code; and upon the Court's review and consideration of the Petition, and the accompanying Declarations of Casey McDonald executed on November 19, 2010 and of Sandie

Corbett, executed on November 19, 2010, together with all exhibits thereto, in support of the Petition, and the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the hearing thereon having been given by Petitioners, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

  A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

  B. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

  C. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

  D. Petitioners are "persons" pursuant to 11 U.S.C. § 101(41) and are the "foreign representatives" of TERC pursuant to 11 U.S.C. § 101(24).

  E. This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

  F. Petitioners have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

  G. The BVI Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(2).

  H. The BVI Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I. The BVI Liquidation is pending in the British Virgin Islands, the country where TERC's center of main interests is located, and accordingly the BVI Liquidation is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J. Petitioners are entitled to all the relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K. Petitioners are entitled to relief pursuant to 11 U.S.C. §§ 1507 and 1521 as ordered by this Court.

L. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1. **ORDERED**, that the BVI Liquidation is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2. **ORDERED**, that the BVI Liquidation is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

3. **ORDERED**, that all persons and entities (other than Petitioners their expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

(1) executing against TERC's property or assets;

(2) taking or continuing any act to obtain possession of, or exercise control over, Petitioner (with respect to TERC), TERC or any of its property or assets;

(3) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioners (with respect to TERC), TERC or any of its property or assets, including, without limitation, enforcing the Attachment Orders (defined below) with respect to any funds that are not included among the Attached

Funds (defined below) as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to TERC or any of its property or assets;

(4) transferring, relinquishing or disposing of any property of TERC to any person or entity other than Petitioners;

and it is further

4. **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the BVI Liquidation; and it is further

5. **ORDERED** that the actions styled (i) *China Earth Shipping Inc. v. Transfield ER Cape Limited,* Index No. 650621-2010 (N.Y. Sup. Ct.) (the "China Earth" Action); (ii) *China Sun Shipping Inc. v. Transfield ER Cape Limited* Index No. 650622-2010 (N.Y. Sup. Ct.) (the "China Sun Action"); (iii) *Constellation Energy Commodities Group Inc. v. Transfield ER Cape Ltd. and Transfield ER Ltd.* 10-cv-4434 (S.D.N.Y.) (SHS) (the "Constellation Action"); (iv) *Jade Navigation S.A. v. Transfield ER Cape Ltd.,* 10-cv-4899 (S.D.N.Y.) (AKH) (the "Jade Action"); and (v) *TMT Bulk Co. Ltd. v. Transfield ER Cape Ltd. and Transfield ER Ltd.*, 10-cv-5110 (S.D.N.Y.) (JSR) (the "TMT Action") (collectively the "U.S. Actions") are stayed; and it is further

6. **ORDERED** that Petitioners or any third person acting pursuant to Petitioner's instructions or agreement may transfer funds or property belonging to TERC into or out of the United States in accordance with their respective obligations to TERC or under the BVI Liquidation; and it is further

7. **ORDERED** that, given that all orders of attachment previously entered in the US Actions have been vacated and the relevant actions dismissed, J.P. Morgan Chase Bank, N.A. shall turn over the $866,377.36 and any further sums that it currently holds as a result of the

orders of attachment previously granted in the U.S. Actions (the "Funds") to the Petitioners for distribution in the BVI Liquidation; and it is further

8. **ORDERED**, that Petitioners are authorized to operate the business of TERC that is the subject of BVI Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

9. **ORDERED**, that Petitioners are hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations or liabilities of TERC, as such information is required in the BVI Liquidation under the law of the United States; and it is further

10. **ORDERED**, that the administration or realization of all or part of the assets of TERC within the territorial jurisdiction of the United States is hereby entrusted to Petitioners and Petitioners are hereby established as the exclusive representatives of TERC in the United States; and it is further

11. **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

12. **ORDERED**, that a copy of this Order shall be served by United States mail, first class postage prepaid or any appropriate equivalent where service is taking place outside the United States, via international courier service, by electronic mail or by hand delivery, where practicable, upon all of TERC's known creditors and investors and other parties in interest in this chapter 15 case, wherever located; and it is further

13. **ORDERED**, that such service shall be good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      January 13, 2011

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                  United States Bankruptcy Judge